GLADNEY, Judge.
The plaintiff instituted this suit for the purpose of collecting workmen’s compensation from her employer, alleging that she became totally and permanently disabled as a result of an employment injury. The only question presented on this appeal relates to a plea of prescription filed by the defendant employer predicated on the provisions of LSA-R.S. 23:1209. In the trial court the plea of prescription was considered solely with reference to the affirmative allegations of plaintiff’s petition, and after hearing it was sustained and plaintiff’s demands dismissed. An appeal was perfected to this court.
Petitioner alleges she was employed in the finishing room of defendant’s Louisiana Mill in Bastrop, Louisiana, her work requiring that she lift and stack paper, necessitating considerable physical exertion; that while so working she injured her back in 1956, was treated and returned to continue her employment for a period of two years, although she still suffered pain from the injury; that in 1958 she was under treatment by Dr. Jack L. Rawls for back strain, but continued to work; that on January 18, 1960, she requested that she be assigned to a lighter type of work, but this was refused; that in May, 1960, she again sustained a back injury and was absent from her work for three weeks, receiving compensation benefits therefor; and that *269 she continued to work at her employment until November 7, I960, after which date she was under treatment by Dr. Rawls until May 22, 1961. On that date Dr. Rawls informed petitioner she was totally and permanently disabled, that further medical treatment was not advised, and that she should not undertake to perform the type of work required of her by the defendant. Plaintiff did not return to her employment after November 7, 1960.
The provisions of LSA-R.S. 23:1209 read as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect imtil the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” (Emphasis supplied.)
Counsel for appellee argues the prescriptive period began to run on November 7, 1960, at which time the employee realized she could no longer pursrte her trade or occupation. This suit was filed January 31, 1962, or more than one year after petitioner voluntarily left her employment. It is ■contended by appellant, however, that the period of limitation did not begin to run until May 22, 1961, when Dr. Rawls informed her that, in his opinion, she was totally and permanently disabled, and, therefore, the suit was timely filed. As to the effect of LSA-R.S. 23:1209, the Supreme Court held in Mottet v. Libbey-Owens-Ford Glass Company, 220 La. 653, 57 So.2d 218, 219 (1952) that “the injury did not develop into total disability until March 11, 1947, at which time the plaintiff could no longer pursue his trade as a glass cutter.” In Wallace v. Remington Rand, Inc. et al., 229 La. 651, 86 So.2d 522, 525 (1956), the following comment appears:
“R.S. 23:1209 provides for two periods of limitation. Initially, it prescribes a period of one year from the date of the accident within which suit must be brought. This prescription is interrupted by the making of compensation payments and it does not begin to run again until after the last compensation payment is made. The other limitation, which was provided by the amendatory Act 29 of 1934, is also a prescription of one year, coupled with a peremption of two years. It declares ‘Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration-of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.’
‡ ‡ ‡ $K ‡ £
“In the case at bar, there is not the slightest doubt that, from a practical aspect, plaintiff’s injury did not develop into total disability until October 26, 1953, when the pain in his back became so intense that he could no longer continue his employment. True enough, the law did not require plaintiff to work during those 70 tedious weeks following the accident enduring the pain that he must have continuously experienced and perhaps a man of less fortitude would have immediately stopped working and demanded compensation for total permanent disabili *270 ty. But for us to presently conclude that the injury developed on the day of the accident would be dealing in conjecture and the commencement of prescription cannot be decided on that basis. What may be a disabling injury to one man may not be to another and the plain purpose of the amendment to the compensation law by Act 29 of 1934 is to provide a reasonable period of limitation in cases like this, where the injured workman continues on at his job and earns his wage, even though he does not perform all of the duties formerly assigned to him. It is to be remembered that the statute does not countenance an unseasonable delay for filing compensation claims in any case as it provides a peremption of two years from the date of the accident within which all suits must be instituted.”
In Croswell v. Wells, La.App., 102 So.2d 794 (2d Cir. 1958), this court observed that the one year period of limitation of LSA-R.S. 23:1209 has become well settled by our jurisprudence, reference therein being made to pronouncements in Mottet v. Libbey-Owens-Ford Glass Company and Wallace v. Remington Rand, Inc., with citation to other authorities.
One of the comments in Wallace v. Remington Rand,. Inc., supra, stated:
“ * * * Development, as applied to a compensable injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer. In the case at bar, it is obvious that manifestation of plaintiff’s incapacity did not occur until October 26, 1953.” (Emphasis supplied.)
Plaintiff suffered a series of injuries to her back, the last of which occurred on May 4, 1960. However, with some interruptions, she continued to work until November 7, 1960, but thereafter she made no further effort to resume her employment. She remained under the care and treatment of her doctor until May 22, 1961, when he informed her that due to her condition no further effective treatment could be given. We think the allegations of plaintiff’s petition plainly disclose that as of November 7, 1960, she knew she no longer was able to perform the duties of her employment. At that time plaintiff was entitled to sue for workmen’s compensation. Actually, she did receive compensation benefits for the accident of May 4, 1960, and severance from her employment on November 7, 1960, was undoubtedly due to her disability.
Counsel for plaintiff has cited as supporting his position Finley v. Hardware Mutual Insurance Company, 237 La. 214, 110 So.2d 583, 586 (1959), and Marie v. Dennis Sheen Transfer, Inc., La.App., 134 So.2d 407 (4th Cir. 1961). Reliance on Finley v. Hardware Mutual Insurance Company, which we consider inapposite, is based on the following excerpt therefrom:
“The issue for determination in a compensation case of this type is whether the disability of the employee has causal connection with the injury he sustained. When it is shown to have causal connection, the employee, who has instituted his suit within two years from the date of the accident (see R.S. 23:1209), as in this case, is entitled to recover. Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 ***"
The quoted expression deals with the two year period of peremption. In the case at bar we are concerned only with the one year limitation period which was involved in the Mottet v. Libbey-Owens-Ford Glass Company and the Wallace v. Remington Rand, Inc., cases. It was held in Marie v. Dennis Sheen Transfer, Inc. that the one year prescriptive period did not take effect until the expiration of one year from the time the disability became manifest after an X-ray was taken which first revealed *271 partial permanent abnormality of the worker’s thumb. The facts of that case, therefore, disclose there was no way through which the employee should know he had a compensable disability until the medical diagnosis was made. The cases relied on by appellant, therefore, are inapposite. In the instant case the employment injury developed and became manifest when the employee discontinued her employment.
For the reasons herein stated, the judgment sustaining the plea of prescription and dismissing plaintiff’s demands is affirmed at appellant’s cost.