86 So.2d 59

Will BIGHAM

v.

SWIFT & COMPANY et al.

In re Will BIGHAM Applying for Certiorari or Writ of Review to the Court of Appeal, Parish of Caddo.

No. 42576.

Feb. 20, 1956.

Ferdinand A. Cashio, Shreveport, for relator.

Browne, Browne & Bodenheimer, Shreveport, G. M. Bodenheimer, Jr., Shreveport, of counsel, for respondents.

HAMITER, Justice.

On September 23, 1954 Will Bigham instituted this suit against his employer, Swift & Company, and also against the latter's compensation insurer, Security Mutual Insurance Company of Chicago, Illinois, seeking recovery under the Workmen's Compensation Act, LSA–R.S. 23:1021 et seq., as for total and permanent disability. In his original and supplemental petitions he alleged that an accident that occurred on or about September 24, 1953, while he was acting in the course and scope of his employment, caused certain described injuries in the region of his back, or aggravated a pre-existing condition in that area, which resulted in the disability.

In bar of the demand the defendants specially pleaded the prescription of one year and the peremption of two years under LSA–R.S. 23:1209. They averred, to quote from their exception containing the pleas, that: " * * * this claim is barred by the prescriptive period of one year since the alleged accident which is the basis of the suit occurred on September 1, 1953, instead of occurring on September 24, 1953, as alleged in the petition, the suit herein having been filed on September 23, 1954. * * * Appearers' plea of peremption is based on the theory that the actual cause of disability, if any, is the result of a pre-existing condition of hypertension and heart ailment ensuing on October 30, 1951, more than two years prior to the filing of this suit and is, therefore, perempted under the specific terms of the Workmen's Compensation Act."

No answer was ever filed by the defendants.

A hearing was had in the district court solely on the mentioned pleas of prescription and peremption, and it resulted in a judgment maintaining the pleas and dismissing the suit.

On an appeal to the Court of Appeal of the Second Circuit such ruling was affirmed. We granted certiorari.

The evidence adduced on defendants' pleas of prescription and peremption conclusively establishes the following pertinent facts: While engaged in his employment plaintiff experienced an accident on either August 31 or September 1, 1953 (not on September 24, 1953 as he alleged), he having stumbled and fallen while carrying a heavy piece of meat. He continued his regular duties until September 24, 1953, on which date a company physician examined him following his complaint that he was hurt on September 1, 1953 and suffered pain in the lower back. A diagnosis of sacroiliac strain was made. According to the physician "a belt was put on him and he was treated for about three weeks and

probably lost about ten or twelve days from work.

On returning to his employment, the record further shows, plaintiff performed light duties for awhile. But later, "in the first of 1954" as stated by the employer's superintendent, he resumed his usual activities which included the tipping and rolling of 300 pound barrels of meat, handling of boxes weighing up to 125 pounds, and carrying quarters of beef and veal. This continued for several months until he complained of illness and went again to the company physician for examinations and treatments. The latter, in a final written report to the employer of date June 8, 1954, concluded that plaintiff had not responded to treatment and that he was totally and permanently disabled. While away from his work and undergoing those examinations and treatments, a period of ten or eleven weeks, plaintiff was paid his regular weekly wages, less the usual deductions for income tax, social security, etc. And at the end of that period (apparently about the time of the physician's final report) he was discharged from his employment.

It is contended by plaintiff's counsel that (1) the prescription of one year did not commence to run until the disability manifested itself in March or April, 1954 or that (2) if the prescription started as of the date of the accident (September 1, 1953) it was interrupted by the payments of full wages to defendant for ten or eleven weeks while he was totally disabled,

they having been in the nature or in lieu of compensation; and that, in either event, the filing of this suit on September 23, 1954 was timely.

Defense counsel, in opposing such contentions, say that (1) "the only testimony in the record conclusively shows that the alleged accident had nothing whatsoever to do with the total disability" and (2) the "payments as made here were 'sick benefits', based upon the established custom of the employer and would have been paid unto the employee if he had been off working suffering with the 'measles', which, of course, have no connection with the Compensation Act."

On the hearing of the pleas under consideration the company physician, it is true, testified that the total and permanent disability of plaintiff did not result from an accident during his employment, it having been due to old age and particularly to a congenital breakdown of his blood vessels and heart. But the question of what caused the employee to be disabled is one that addresses itself to the merits of the case which, as before shown, have not as yet been tried in this litigation (defendants have never filed an answer).

The provisions of the Workmen's Compensation Statute on which the instant pleas are predicated, LSA–R.S. 23:1209, presuppose that the accident and injury of a claimant resulted in the disability for which he seeks compensation. Accordingly, for the purpose of this consideration,

it must be assumed that plaintiff's disabling condition was caused by the accident of September 1, 1953. This being true, there is merit in the first contention of plaintiff's counsel which is that the current of prescription did not commence until March or April, 1954 when the disability first manifested itself and that, consequently, the filing of this suit on September 23, 1954 was timely.

Our decision in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, 219, supports this conclusion. In that case (which incidentally was tried on its merits, contrary to the instant matter) the accident occurred on January 27, 1946. Thereafter, the plaintiff was put on lighter work at his request until March 11, 1947 when he was forced to cease his employment entirely because of total and permanent disability. In discussing the plea of one year prescription we said: " * * * The Workmen's Compensation Act was amended by Act 29 of 1934 so as to provide that the prescription or peremption should not commence until the injury had developed. In our opinion this amendment was designed to take care of cases similar to the one herein involved. From the very wording of this amendment, an employee who receives an injury flowing from an accident that later develops into disability is excepted from the general rule and his right of action is not perempted until *one year after the injury has developed*. In this case the injury *did not develop into total disability*

*until March 11, 1947*, at which time the plaintiff could no longer pursue his trade as a glass cutter. For us to say that he was disabled to perform the duties of his trade prior to that time would be mere conjecture on our part because he had, in fact, continued to perform the duties of his trade until that date. His suit was filed on August 4, 1947, a short time after he became disabled, and within a year from that time. Such being the case the plaintiff's suit was timely filed and the plea of peremption cannot be maintained."

In the instant case plaintiff, after the accident, continued his employment on lighter work and later resumed his full duties until the total disability developed in March or April, 1954; and this suit was filed within a year thereafter and within two years from the date of the accident. In the light of our holding in the Mottet case, therefore, the pleas of prescription and peremption will have to be overruled. Whether plaintiff's disability is attributable to the alleged accident and injury is a question, as aforestated, to be determined on a remand of the case following the answering by defendants and a trial of the merits.

In view of our above stated conclusion we need not and do not consider plaintiff's second contention that if the prescription of one year commenced to run on September 1, 1953, the date of the accident, it was interrupted by the employer's paying to him his regular wages for ten or eleven weeks

during the early part of 1954 and while he was totally disabled.

For the reasons assigned the judgments of the district court and Court of Appeal are reversed and set aside, the pleas of prescription and peremption are overruled, and the case is remanded to the district court for further proceedings according to law and not inconsistent with the views above expressed. Costs of the Court of Appeal and of this court shall be paid by defendants and all other costs shall await the final determination of the litigation.