102 So.2d 794 (1958)
H. C. CROSWELL, Plaintiff-Appellee,
v.
George WELLS et al., Defendants-Appellants.
No. 8816.
Court of Appeal of Louisiana, Second Circuit.
April 22, 1958.
Rehearing Denied May 26, 1958.
Writ of Certiorari Denied June 27, 1958.
*795 Madison, Madison, Files & Shell, Monroe, James Madison, Bastrop, for appellants.
Thomas W. Davenport, Monroe, Archie B. McBride, Bastrop, for appellee.
HARDY, Judge.
This is a suit for compensation in which plaintiff claimed total permanent disability. From a judgment in favor of plaintiff awarding compensation at the rate of $30 per week for a period not exceeding four hundred weeks, the defendants, plaintiff's employer and insurer, have appealed.
There is no dispute as to the facts, and the only issue presented by this appeal involves a question of law as to the plea of prescription on behalf of defendants. The undisputed facts which are pertinent to a consideration of this plea are that plaintiff was injured on April 4, 1955 while in the employ of Wells Bros. Garage in the City of Bastrop, as an automobile mechanic; that plaintiff was treated for a back injury and was paid compensation by his employer's insurer for a period of thirteen weeks from date of April 6, 1955 until July 4, 1955; that although cautioned by his physician to undertake only light work, plaintiff, nevertheless, returned to the regular duties of his employment at Wells Bros. Garage, where he worked for approximately one month and then terminated this employment to seek work elsewhere. Sometime during the month of August, 1955, plaintiff was in the employ of Kelly Motor Company in Little Rock, Arkansas, as a mechanic. On or about October 1, 1955, plaintiff was employed by Critz Motor Company in North Little Rock, where he worked until June 16, 1956, at which time he sustained another injury to his back. After hospitalization plaintiff attempted to return to work in the employ of the Critz Motor Company but was unable to perform his required duties and his employment was terminated in August, 1956. This suit was instituted on April 4, 1957.
Concededly, plaintiff's disability is attributable to the back injury received while in the employ of Wells Bros. Garage, and, as above noted, the only question presented relates to the plea of prescription which is predicated on the provisions of LSA-R.S. 23:1209, reading as follows:
"In case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever *796 barred unless the proceedings have been begun within two years from the date of the accident."
Counsel for defendants urgently contend that, under the facts of the instant case, the above quoted statutory provision has the effect of barring plaintiff's claim. Counsel argues that the prescriptive period in the instant case began to run on July 4, 1955, the date of the last payment of compensation, and that the filing of this suit on April 4, 1957, approximately one year and nine months after the date of such payment, subjects plaintiff's action to the plea of prescription of one year, and, accordingly, requires the dismissal thereof.
In order to clearly understand the ground upon which counsel predicate their argument, we think it advisable to separately state the several provisions of the statute insofar as they limit or prescribe the time of institution of claims for compensation, which, accordingly, we set forth as follows:
(1). All claims for payment of compensation must be instituted within one year after the accident; or,
(2). Within one year after date of the last payment of compensation; or
(3). Within one year from the date of development of the injury; and
In any and all cases the action must have been instituted within two years from the date of the accident.
The foregoing paraphrase of the statutory provisions clearly indicates the nature of the varying classifications and applications of the periods of prescription or limitation which are specifically provided. From these several categories counsel has chosen one, which is above set forth under (2), upon which the plea of prescription is based.
On behalf of plaintiff his counsel urges that the applicable provision of limitation or prescription as established in the statute is that which we have set forth under (3) above.
We think the question presented has been settled by our jurisprudence, and we point out what we regard as controlling pronouncements in three comparatively recent cases. Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; and Watson v. United States Tobacco Co., La.App., 87 So.2d 205 (writs denied by the Supreme Court).
In the Mottet case plaintiff was injured on January 27, 1946, but continued work until March 11, 1947, and instituted suit on August 4, 1947. In overruling the plea of one year prescription the court interpreted the phrase "development of injury" as meaning the time from which the plaintiff could no longer pursue his trade or occupation.
In the Wallace case plaintiff suffered a back injury on June 4, 1952, but continued to work until October 26, 1953, at which time, because of allegedly unbearable pain, he was forced to discontinue work and suit was instituted January 22, 1954. The Supreme Court overruled the defendant's plea of one year prescription and the opinion of Mr. Justice McCaleb, as the organ of the court, referred to and provided additional clarification of the principle enunciated in the Mottet case. Specifically, the opinion declared:
"In the case at bar, there is not the slightest doubt that, from a practical aspect, plaintiff's injury did not develop into total disability until October 26, 1953, when the pain in his back became so intense that he could no longer continue his employment. True enough, the law did not require plaintiff to work during those 70 tedious weeks following the accident enduring the pain that he must have continuously experienced and perhaps a man of less fortitude *797 would have immediately stopped working and demanded compensation for total permanent disability. But for us to presently conclude that the injury developed on the day of the accident would be dealing in conjecture and the commencement of prescription cannot be decided on that basis. What may be a disabling injury to one man may not be to another and the plain purpose of the amendment to the compensation law by Act 29 of 1934 is to provide a reasonable period of limitation in cases like this, where the injured workman continues on at his job and earns his wage, even though he does not perform all of the duties formerly assigned to him. It is to be remembered that the statute does not countenance an unseasonable delay for filing compensation claims in any case as it provides a peremption of two years from the date of the accident within which all suits must be instituted.
"The court, in Mottet v. Libbey-Owens-Ford Glass Co., supra (220 La. 657, 57 So.2d 219), construed the language of R.S. 23:1209 that `the limitation shall not take effect until the expiration of one year from the time the injury develops', to mean that prescription does not begin to run until the time the workman is unable to substantially perform the duties of his employment. This is a fair interpretation of the statute and in keeping with the beneficent object of its enactment. Development, as applied to a compensable injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer. In the case at bar, it is obvious that manifestation of plaintiff's incapacity did not occur until October 26, 1953. [229 La. 651, 86 So.2d 525.]"
In the Watson case this court was again called upon to construe the application of the provisions of LSA-R.S. 23:1209 in the light of facts which, for all practical purposes, are identical with those under consideration in the case at bar.
In the Watson case the plaintiff sustained a back injury on June 8, 1953, but continued his work, without interruption, until July 31, 1954, and instituted suit on August 26, 1954. Following the injury of June 8, 1953, compensation was paid for a period of five weeks beginning June 9th, but, inasmuch as his employer was paying Watson full salary, the employer received the benefit of these compensation payments. It is strenuously urged by counsel for defendant in the instant case that this fact must be considered as being materially distinguishable from the payment of compensation in the instant case directly to this plaintiff. We do not accord with this interpretation, for the statute makes no requirement as to the entity to whose benefit the compensation payments eventually accrue. The action of an employee in permitting his employer to receive the benefit of compensation payments is purely optional with the employee and has no effect upon the principal fact of payment of compensation.
Notwithstanding the receipt of compensation payments by Watson, and the expiration of a period of more than one year following the receipt of the last of such payments, we held that the prescriptive period did not begin to run until plaintiff's disability developed sometime after January 1, 1954.
In the light of the holdings in the above cited cases bearing directly upon the plea of prescription which has been interposed in the case at bar, we are convinced that the plea was properly overruled.
For the reasons set forth the judgment appealed from is affirmed at appellant's cost.