102 So.2d 314 (1958)
Joseph CEASAR, Plaintiff-Appellee,
v.
CALCASIEU PAPER COMPANY, Inc., Defendant-Appellant.
No. 4542.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
Rehearing Granted March 17, 1958.
Remanded to May 12, 1958.
Gist, Murchison & Gist, Alexandria, for appellant.
Paul C. Tate, Mamou, for appellee.
Remanded to District Court May 12, 1958.
TATE, Judge.
This is a suit for workmen's compensation. The defendant employer appeals from the District Court's refusal to sustain its plea of peremption and also from the award *315 to plaintiff of compensation for permanent and total disability.
Without detailed review of the evidence, we think the record supports the District Court's determination that an accident occurred at work on June 23-4, 1954 as a result of which, as found by it, "the plaintiff was in pain while he was performing his work for the defendant following the accident [for a period of about thirteen months] and while he was working on his farm" after he had ceased working for the defendant.
The industrial accident occurred when plaintiff, a laborer in his mid-forties, fell against his left side and hip during the night shift. Immediately following the workshift, he reported on the morning of June 24, 1954 to the company's physician, Dr. Martinez, who recommended that he stay off work for seven days. He drew workmen's compensation from July 2nd through July 8th. On this latter date another company physician, although noting that plaintiff had sustained a contusion of the back in the accident, recommended that he return to work the following day, which he did.
Following continued complaints of pain, Ceasar was referred by his employer to an orthopedic specialist on September 17th, who diagnosed the cause of the persisting complaints as a "lumbo-sacral sprain, with injury to arthritis". He recommended plaintiff being taken off work completely or being placed on very light duties.
Plaintiff was then assigned to lighter duties, at a lesser rate of pay which (the evidence indicates) was fully earned by him. He worked at these or other lighter duties for the duration of his employment with defendant.
On March 16, 1955, he was again referred to an orthopedic specialist who fitted him with a four-bar back brace, which the plaintiff subsequently wore at work. On August 8, 1955, following a disagreement with his supervisor unrelated to his disability, the plaintiff resigned from his employment with the defendant company.
The preponderance of the medical testimony indicates that the fall at work activated a dormant or asymptomatic (painless) arthritic condition of the lumbo-sacral joint and back, as a result of which aggravation plaintiff is unable to perform without substantial pain the heavy lifting or other heavy duties normally incident to and constituting a substantial function of his employment as a laborer at the time of the accident. As the District Court observed, at the time of trial "not one orthopedic surgeon is of the opinion that plaintiff could do the same hard manual labor which brought about his injury".
X-rays of plaintiff's back showed significant arthritic changes following the accident. The lay testimony accepted by the District Court as credible proves that plaintiff could perform heavy work without pain prior to the accident, but that subsequent thereto in increasing degree he was unable to do so.
Insofar as defendant appellant argues that no accident and no residual disabling pain is proved by the record, essentially we are called upon to make a different evaluation of the credibility of the witnesses than did the District Court, which an appellate court will not do in the absence of manifest errorand none is shown.
Defendant's contentions that the evidence justifies an award for partial (and not total) permanent disability is contrary to the jurisprudence, recently reiterated in Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175, and Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30, that a laborer unable to perform without substantial pain the heavy duties of the type of employment in which he sustained an accident is permanently and totally disabled within the meaning and contemplation of the compensation statute.
*316 We are also unable to sustain the defendant-appellant's argument that the disability is not compensable as due to a pre-existing arthritic condition. As we recently stated in Guillory v. Reimers-Schneider Co., 94 So.2d 134, 135, at page 136: "The employee's disability is fully compensable when precipitated by the industrial accident, even though caused also by a contributing pre-existing or previously dormant physical condition or predisposition, (cases cited)."
Appellant's plea of peremption, reurged upon appeal, is based upon the circumstance that, although the accident occurred on June 24, 1954, suit for compensation was not filed until March 8, 1956, or almost 21 months later.
This plea is of course based upon the provision of LSA-R.S. 23:1209 that suit must ordinarily be brought within one year of the date of the accident or of the last payment of compensation. However, this statutory section further provides that "Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation [of one year] shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment is forever barred unless the proceedings have been begun within two years from the date of the accident." (Italics ours.)
In sometimes almost identical circumstances, in Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, Bigham v. Swift & Co., 229 La. 341, 86 So.2d 59; Johnson v. Cabot Carbon Co., 227 La. 941, 81 So.2d 2 and Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, our Supreme Court has held that an injury or disability is not legally manifest, when an employee injured at work continues in his employment with the same employer and fully earns his wages, until the date the employment terminates. It was pointed out that it would be conjectural to hold the disability to be developed or manifest during this interval following the accident.
Thus the District Court correctly overruled defendant's plea of peremption to the present suit, filed March 8, 1956, for disability resulting from an accident of June 23, 1954, which did not become legally manifest until August 8, 1955, when the plaintiff's employment terminated. Being brought within two years of the accident and within one year from the time the injury became manifest, the suit is timely.
As the Mottet case specifically indicates, it is immaterial that plaintiff was transferred to lighter duties during his employment following the accident and in the interval before the final termination thereof. Nor do we feel to be of legal significance in the decision of the plea of peremption, the factual distinction from the above cases that the reason for the termination of plaintiff's employment was a personal reason unrelated to the pain found to have been suffered while he continued at work. Cf., Watson v. U. S. Tobacco Co., La.App. 2 Cir., 87 So.2d 205.
For, as we see it, the Mottet case jurisprudence is not concerned with the cause for which an injured workingman's employment is finally terminated. The rationale motivating such jurisprudence is the consideration that the employee is, practically, inhibited by his continued employment from seeking a judicial assessment of the existence and extent of a work-induced disability, as well as the consideration of the practical difficulty in retrospect in ascertaining the date prior to termination of his work fully earning the wages of the same employer that the employee's injury developed into legal disability. In the absence of the Mottet doctrine, the employee would be penalized who upon receiving an injury of undetermined residual nevertheless continues to work to rehabilitate himself and to support his family, rather than filing suit against his employer and most possibly having his employment terminated in order to protect *317 a right to receive workmen's compensation which would not be needed should the potential disability disappear if (as in this instance, pursuant to the physicians' recommendation) he continues working.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.