108 So.2d 801 (1959)
Willie H. BREWSTER, Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, Defendant-Appellee.
No. 8933.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1959.
Frederick J. Stewart, Shreveport, for appellant.
John A. Carstarphen, Loret J. Ross, Shreveport, for appellee.
HARDY, Judge.
This is a suit for compensation, and plaintiff appeals from a judgment sustaining defendant's plea of prescription of one year and dismissing plaintiff's suit.
*802 Plaintiff's petition alleges that while engaged in performing the duties of his employment in the Garbage Department of the City of Shreveport on July 18, 1956, in loading a garbage can weighing some 150 pounds upon the garbage collection truck, he sustained a severe pain or cramp in his back; that he promptly notified his immediate superior of the accident and requested medical attention, without avail; that he continued to attempt to work at irregular intervals while continuously requesting medical assistance; and
"that on or about September 29, 1956, petitioner became unable to work at all any further and notified the defendant of his intention to terminate his employment."
Plaintiff's suit was filed September 16, 1957. Defendant filed an exception and plea of prescription based upon the one-year period of limitation provided in LSA-R.S. 23:1209.
Plaintiff urges that the rule established by the appellate courts in computing the period of limitation from the date of development of the injury should be applied in the instant case, citing Croswell v. Wells, La.App., 102 So.2d 794 (writs denied).
In the cited case this court determined that suits for compensation instituted within one year from the date of development of the injury must be construed as complying with that provision of LSA-R.S. 23:1209, which reads:
"* * * where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, * * *."
Analyzing the pronouncements in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, and Watson v. United States Tobacco Co., La. App., 87 So.2d 205 (writs denied), we concluded that the phrase "development of injury" must be interpreted as meaning the time from which an employee can no longer pursue his trade or occupation.
Under the allegations of plaintiff's petition in the instant case it seems clear that the beginning of the prescriptive period of one year must be fixed as of September 29, 1956, the date upon which plaintiff was forced to terminate his employment by reason of his inability to continue the performance of his duties. This being so, the filing of suit on September 16, 1957, was within the period of limitation, and, accordingly, the defendant's plea of prescription should be overruled.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed and there is now judgment overruling defendant's plea of prescription and remanding this case to the Honorable the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, for further proceedings in conformity with law.