J. ADOLPH MENUET, Judge pro tem.
The Emmco Insurance Company, as the subrogee of James E. Adams, brings this suit for property damage against Nola Cabs, Inc., surety of Carlo J. Scuderi. Judgment was rendered by the lower court in favor of the plaintiff for $845.00 with legal interest and costs.
On June 8, 1959, at approximately 1:30 A.M. James E. Adams was driving his 1957 Chevrolet sedan up South Claiborne Avenue. At about the same time Carlo J. Scuderi was driving his 1956 Packard taxicab down South Claiborne Avenue in the direction of Canal Street. Traffic at the intersection of South Claiborne Avenue with Toledano Street is controlled by a traffic light. The neutral ground separating uptown and downtown traffic is sufficiently wide at this intersection for a car to stop therein without obstructing traffic.
The plaintiff’s version of the accident is that as Adams approached Toledano Street the traffic signal was green in his favor. He thereupon entered the intersection and stopped for about one second within the neutral ground until the light was green in his favor on Toledano Street. He then proceeded to cross the riverside downtown bound lanes of South Claiborne Avenue. He had proceeded only a short distance when the right side of his automobile, at about the center door post, was struck by the approaching taxicab.
The defendant’s version is when the taxicab was approaching Toledano Street at about 25 to 30 miles per hour the signal light at the intersection was green in his favor, whereupon, Scuderi continued into the intersection until the front of his cab collided with the crossing Chevrolet.
The sole issue presented by this case is whether or not the traffic light was favorable to the driver of the taxicab. This presents purely and simply a question of fact. James E. Adams, the subrogor, Samuel Brisco, a passenger in the Adams car, and Walter Williams, a bystander, all testified the light was green in Adams’ favor as he was proceeding on Toledano Street towards the River. Carlo J. Scuderi on the other hand testified that the light was green in his favor. He further testified that when he first observed the Chevrolet automobile it was proceeding slowly from the intersection within the neutral ground. The trial judge resolved this issue of fact in favor of the plaintiff. No reasons were assigned for judgment.
The defendant-appellant contends that the plaintiff’s witnesses are not worthy of belief. An appellate court will not make a different evaluation of the credibility of witnesses than did the district court in the absence of a showing of manifest error. Ceasar v. Calcasieu Paper Company, 102 So.2d 314 (La.App.1958). It is quite possible the lower court was aided in reaching a conclusion that the Adams car had come to a stop to await a favorable light because of Scuderi’s own testimony that he observed the car proceeding slowly from the neutral ground. This action would not be con *498 sistent with one attempting to run a red light.
Regardless of the reasons which induced the trial judge to find in favor of the plaintiff, the appellate court will not reverse the judgment on the question of defendant’s liability in the absence of clear and manifest error. Roux v. Attardo, 93 So.2d 332 (La.App.1957). We find no error.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.