YARRUT, Judge.
This appeal is from a judgment of the District Court denying Plaintiff workmen’s compensation because (1) he produced no witnesses to prove he had an accident; and (2) he suffered a disability injury to his knee prior to March 21, 1960, the date on which he claims to have suffered the present knee injury, for which he seeks $35.00 per week compensation for 400 weeks, less credit for payments, for attorney’s fee, penalties, medical expenses, and expert’s fee.
Plaintiff is a man 37 years old, married with five children. Pie was employed since 1954 at the Jackson Brewing Company in *826 New Orleans, as a skilled and semi-skilled brewery worker. His duties included service in all phases of the brewery’s operation, the bottling, capping and labelling beer bottles, the canning department, and the warehouse; at times requiring body bending, crawling, stooping, lifting of loaded cases to heights of eight feet, climbing heights of fourteen feet, and sometimes 4-hour periods of standing.
On February 19, 1958, Plaintiff sustained the first of several accidents while in the employ of the brewery, this one to his right knee, prior to which he had no trouble with' his knee. Four doctors testified: Dr. George D. B. Berkett to whom Plaintiff was referred by the brewery; Drs. Rufus H. Alldredge and Robert J. Meade for Defendant; and Dr. Edward T. Haslam for Plaintiff.
On February 19, 1958, while climbing over a conveyor, Plaintiff twisted his right leg, causing pain and swelling in the right knee, which he promptly reported to his foreman. From that day on he suffered constantly with his knee. Plaintiff consulted the Company doctors (Houston, Roy and Faust) who, on February 19, 1958, made X-rays. Because his knee pained so much, Plaintiff was referred to Dr. Berkett on February 28, 1958, as an emergency patient. Dr. Berkett’s initial diagnosis was that Plaintiff sustained an injury superimposed upon a cyst; noted extensive degenerative changes, and fluid within the knee, which he concluded was due to the accident. Dr. Berkett continued to examine Plaintiff at weekly intervals until March 14, 1958.
Plaintiff’s symptoms subsided -somewhat and he continued work, though suffering pain. In February 1960 (exact date uncertain), while stepping down from a pasteurizer machine, Plaintiff twisted his knee “out of place.” The brewery referred him to Dr. Meade, who diagnosed Plaintiff’s condition as a “probable rupture of attachment of the medial meniscus” and Dr. Meade then referred Plaintiff to Dr. All-dredge, orthopedist. Dr. Alldredge, noting a history of numerous episodes of the right knee “slipping out of place” and becoming-“fixed in flexion,” recommended surgery..
On March 17, 1960, Plaintiff again was-referred to Dr. Berkett, who noted a history of recurring trouble with the knee, pain and swelling. Dr. Berkett recommended surgery, finding “evidence of laceration of the medial meniscus and possibly of the lateral-meniscus.”
On March 21, 1960, Plaintiff slipped again while at work and fell forcibly to-the floor, this time not only injuring his knee, but also his shoulder and ankle. Dr. Berkett performed a surgical arthrotomy of the right knee (March 28, 1960) which revealed “a laceration of the medial and degeneration of the lateral cartilage, extensive degenerative changes, and the traumatic component of a laceration of the-medial meniscus.”
One week after this arthrotomy, Defendant paid maximum weekly compensation-to Plaintiff until May 18, 1961 (about 60 weeks), together with all medical expenses.
On October 25, 1960, Dr. Berkett removed the knee-cap. Plaintiff improved, but continued to have problems because his knee “gave way, followed by swelling” and “fluid in the knee,” as confirmed by Dr. Berkett, who suggested he return to work “on a trial basis.”
Dr. Berkett made 29 written reports to Defendant (from March 18, 1960 to July 10, 1961) concerning Plaintiff’s condition. In his final report (July 10, 1961) Dr. Berkett noted that Plaintiff had returned to work as recommended, but found he was-unable to do climbing and other duties assigned to him, due to Plaintiff’s difficulty standing for long periods of time. Plaintiff ultimately was unable to perform his prior duties, due to his knee. Defendant then discontinued his compensation, and Plaintiff brought this suit.
All four doctors agreed Plaintiff has a serious disability of his right leg, ranging in degree from 25% to 40%, and would *827 suffer increased pain if he attempted his usual duties.
In view of these facts, we must con■clude that the trial judge was in error in •concluding that Plaintiff suffered no com-pensable injury in March 1960.
Considering the character of the duties performed as a brewery worker and his inability, because of- the injured and paining knee, to perform them, he is totally disabled at this time, and entitled to total and permanent compensation. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1; Powell v. Travelers Insurance Company, La.App., 117 So.2d 610; Burkett v. Bituminous Casualty Corporation, La.App., 104 So.2d 234.
Under the circumstances, Plaintiff is entitled to recover compensation of $35.00 per week not to exceed 400 weeks, less credit for payments already made. In addition thereto, Plaintiff is entitled to recover penalties and attorney’s fee under LSA-R.S. 22:658 because of Defendant’s unreasonable discontinuance of the compensation and failure to resume payments after medical reports. The penalties are fixed in the statute at 12% and we fix the attorney’s fee here at $2000.00. Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108; Bigham v. Swift & Company, 229 La. 341, 86 So.2d 59; Fruge v. Pacific Employers Insurance Company, 226 La. 530, 76 So.2d 719; Talbot v. Trinity Universal Insurance Company, La.App., 99 So.2d 811; Lyons v. Swift & Company, La.App., 86 So.2d 613.
For the above and foregoing reasons, the judgment of the District Court is reversed, and there is now judgment in favor of Plaintiff and against Defendant, awarding Plaintiff $35.00 per week compensation, beginning April 1, 1961, to continue during Plaintiff’s disability, not exceeding 400 weeks, subject to credit for 60 weeks compensation already paid, plus a penalty of 12% as provided by LSA-R.S. 22:658, and $2000.00 attorney’s fee, payable directly to Plaintiff’s attorney under the provision of the Insurance Code, LSA-R.S. 22:658; and for any additional medical expenses incurred by Plaintiff, not exceeding the amount fixed by law; with $50.00 expert medical fee to Dr. Edward T. Haslam; with interest on all delayed payments as provided by law; and costs in both Courts to be paid by Defendant.
Judgment reversed and rendered.