HERGET, Judge.
On August 14, 1961 plaintiff, Ernest Guidry, Jr., instituted this workmen’s compensation suit making his alleged employer Mud Supply Company, Inc. and its workmen’s compensation insurer Liberty Mutual Insurance Company defendants. He seeks to recover herein total disability at the rate of $35 per week beginning on or about November 18, 1959, the date on which Plaintiff alleges an accident wherein he sustained an injury to his back while in the course and scope of his employment when he lifted to about waist height a hundred pound sack of mud, turned to his right and as he did so he felt something snap in his back,
Defendants filed an exception of prescription maintaining:
“That the plaintiff alleges that the accident causing his alleged back injury occurred on November 18th, 1959, and that since more than one year has elapsed since the date of the accident and his return to work following treatment, said claim has prescribed.”
No evidence was introduced on the plea of prescription. The Trial Court being of the opinion the petition itself discloses the fact Plaintiff was aware on November 18, 1959 of the injury he received and having made no allegations in the petition that such injury did not become manifest until a later date, (more than one year having elapsed from the date of the alleged injury and the date of the filing of his suit) under the authority of Spano v. Orleans Manufacturing Company, La.App., 100 So.2d 899 held the exception was well taken and, accordingly, maintained the plea of prescription and dismissed Plaintiff’s suit against Defendants. From this judgment Plaintiff appealed.
In his petition Plaintiff alleged upon the happening of the accident on the date alleged, the next day, November 19, 1959, he consulted a doctor who advised him he had sustained a muscle strain. Thereafter he continued in his employment. He further alleges the pain in his back varied and at times left altogether until November 19, 1960 when the pain became so severe he consulted another doctor who, following his examination, advised Plaintiff he was suffering from “ * * * fractures of verterebral (sic) bones of his spine.” And further, Plaintiff makes the following allegations: on December 16, 1960 a weight fell and struck him across the dorsum of his foot, as a result of which he was required to have an anklet cast for six weeks; on February 17, 1960 (counsel in brief give this date as February 17, 1961) he consulted a doctor who advised him that in addition to chipped fractures of the fourth and fifth lumbar vertebrae, he had a ruptured in-tervertebral disc with a resultant root pressure caused from the accident he received on November 18, 1959.
To say the least, the petition is not artistically drawn. It does not have an affirmative allegation that the injury sustained by Plaintiff on November 18, 1959 did not manifest itself until a subsequent date, which would interrupt the prescription. Neither does it allege that said accident caused injuries which manifested themselves to such an extent Plaintiff was aware of his total disability to perform the activities in which he was engaged, nor *107 does it affirmatively allege that though the injuries sustained on November 18, 1959 caused pain and suffering of sufficient intensity to prevent Plaintiff’s continued employment. The petition does not set forth specifically the dates and it is vague as to the employment of Plaintiff subsequent to the date of the alleged accident of November 18, 1959. Nonetheless, the petition shows that despite the alleged injury to his back on said date, Plaintiff continued performing work through November 19, 1960 in the same type of employment he was engaged in at the time of his injury, though, from the petition, it is not shown whether such employment was with employer Defendant or with another or other employers.
The Supreme Court in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, in interpreting the meaning of LSA-R.S. 23:1209 concluded the limitation of one year within which suit must be instituted to interrupt prescription in workmen’s compensation cases to be the date on which the injured employee is disabled, because of such injury, to perform the duties of his employment. Consequently, even if an employee were aware of an injury, if, despite such injury, he continued to work performing the type of duties he was performing when injured, prescription would not begin to run on his claim until his disability and inability to perform his duties because of the injury became known either to the injured employee or his employer. Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Bigham v. Swift & Co., 229 La. 341, 86 So.2d 59.
Thus, the principle seems to be well settled that the beginning of the toll of the prescriptive period of one year within which the injured employee must bring suit for workmen’s compensation has been extended by the courts to mean the date on which the employer or employee is aware plaintiff, because of such injuries, is disabled to perform the duties of his employment. Albeit plaintiff is performing such services enduring pain and suffering and even though he is working for a different employer than the one for whom he was working on the alleged date of injury, where, for another employer he is performing work of the same type as he was engaged in performing on the date of the accident, prescription does not begin to run until such time as plaintiff, because of such injuries, is no longer able to perform such services. Croswell v. Wells, La.App., 102 So.2d 794.
In our opinion it is not evident from the petition itself that Plaintiff’s claim has prescribed and we further observe in order to support and maintain his claim for compensation that it will be essential for Plaintiff to prove by a preponderance of evidence the alleged injury sustained by him on November 18, 1959 resulted in disabling him for the performance of his duties.
For these reasons the judgment of the Trial Court sustaining the plea of prescription and dismissing Plaintiff’s suit is reversed and set aside, the plea of prescription is overruled and the case is remanded to the District Court for further proceedings according to law.
Reversed, rendered and remanded.