FRUGÉ, Judge.
This is a workmen’s compensation suit. The question before us is whether or not plaintiff’s claim has prescribed.
On August 15, 1960, while employed by A-l Moving and Storage Co., Inc., plaintiff hurt his back when he was moving a piano. He suffered pain and found it necessary to obtain medical treatment. However, plaintiff continued working with A-l until August 16, 1961. He then went to work for a similar company almost immediately and thereafter worked for various companies doing relatively the same type of work that he was doing with A-l. Plaintiff alleges that in March of 1962, while working, he experienced severe pain in his back and was forced to quit work because his back continued to hurt.
Plaintiff filed suit against A-l and its compensation insurer on June 12, 1962, for workmen’s compensation benefits allegedly due as a result of the accident of August of 1960. The case was tried on the merits. At the termination of the case defendants made an oral plea of prescription, contending that plaintiff’s claim had prescribed under the one year prescriptive period provided for in LSA-R.S. 23:1209. The district court sustained defendants’ plea of prescription and dismissed plaintiff’s suit. From this judgment plaintiff appeals.
LSA-R.S. 23:1209 provides as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Defendants take the position that the plaintiff’s injury developed and manifested itself in August of 1960 and therefore this case is controlled by the one year prescriptive period. Plaintiff, on the other hand, *646 contends that the proper prescriptive period is the two year period.
The leading Supreme Court case in this area is that of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218. The First Circuit discussed that case in the recent case of Guidry v. Mud Supply Co., La.App. (1st Cir.), 155 So.2d 105, 107, as follows:
“The Supreme Court in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, in interpreting the meaning of LSA-R.S. 23:1209 concluded the limitation of one year within which suit must be instituted to interrupt prescription in workmen’s compensation cases to be the date on which the injured employee is disabled, because of such injury, to perform the duties of his employment. Consequently, even if an employee were aware of an injury, if, despite such injury, he continued to work performing the type of duties he was performing when injured, prescription would not begin to run on his claim until his disability and inability to perform his duties because of the injury became known either to the injured employee or his employer. Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Bigham v. Swift & Co., 229 La. 341, 86 So.2d 59.”
See also Judge Culpepper’s discussion of this question in Fontenot v. Great American Indemnity Co., La.App. (3rd Cir.), 127 So.2d 822. See also Brewster v. City of Shreveport, La.App. (2nd Cir.), 108 So.2d 801; Malone, Louisiana Workmen’s Compensation Law and Practice, § 384 (1964 Supp.).
The issue in this case is whether there was a casual relationship between the injury of August, 1960, and that of March, 1962. If there was, the 1960 injury did not develop until 1962 and, under the holding of the Mottet case, supra, the two year prescriptive period would be applicable. However, if, as defendants contend, plaintiff recovered from the 1960 injury shortly after the accident and the alleged 1962 injury was a new injury, plaintiff’s action on the 1960 injury has prescribed. This is because the August, 1960, injury fully developed as of that time and prescribed one year thereafter. Defendants would not be liable for workmen’s compensation payments for the alleged new injury in 1962 because plaintiff was not employed by defendant A-l as of that time.
The record clearly reflects that plaintiff had a spondylolisthesis condition, a slippage of the back which existed at birth. This condition was aggravated by the injury of August, 1960. The record also shows that after the 1960 accident plaintiff went back to work for the same employer and resumed his regular duties for about a year. After that time he engaged in other employment of a similar nature.
The medical testimony is somewhat conflicting as to the causal relationship between the two injuries. Medical testimony adduced by plaintiff indicated that the episode of August, 1960, was the cause of the aggravation of the condition of 1962. However, defendant’s medical evidence indicated that plaintiff shortly recovered after the 1960 accident to the point that he was before the accident insofar as his back was concerned, that the second injury was caused by his doing heavy work and aggravating his spondylolisthesis condition which existed at birth, and that plaintiff must have recovered between the two injuries.
After considering all of the evidence, the trial judge concluded that “it is not feasible, in view of the medical evidence, that the pain in plaintiff’s back which he developed while working for the pipe line company in March of 1962 was a manifestation of the injury of August 16, 1960.” It is a well settled rule of appellate review that the trial court is to be overruled on a finding of fact only if the trial court has committed manifest error. Our reading of the record in the case before us convinces us that the trial court was *647 not manifestly erroneous in finding that the two injuries were unrelated. The trial court properly dismissed plaintiff’s suit.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiff is assessed costs of this appeal.
Affirmed.