233 So.2d 589 (1970)
Ella D. HOBLEY
v.
PHOENIX OF HARTFORD INSURANCE COMPANY.
No. 3866.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1970.
Roger B. Jacobs, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, for defendant-appellee.
Before CHASEZ, BARNETTE and LeSUEUR, JJ.
BARNETTE, Judge.
This is a suit for workmen's compensation. From a judgment dismissing her suit, plaintiff has appealed.
On August 19, 1968, plaintiff, Ella D. Hobley, filed suit against Phoenix of Hartford Insurance Company, her employer's workmen's compensation insurance carrier, seeking recovery under the workmen's compensation act for total and permanent disability. Plaintiff alleged that on February 20, 1967, while acting in the course and scope of her employment as cook for Lester Solomon, doing business as International Theatre Restaurant, she fell causing injury to her left knee which resulted in the disability. A peremptory exception of prescription *590 of one year filed by defendant was overruled and trial was held on the merits.
At the conclusion of the trial on the merits, the trial court judge rendered judgment in favor of defendant, dismissing plaintiff's suit. Although the trial court judge did not state the authority upon which he based his judgment, it is obvious he relied upon the provisions of LSA-R.S. 23:1209 to the effect that plaintiff's right to bring the suit had prescribed. From this judgment plaintiff has appealed.
The facts in this case are not in dispute. It was stipulated by the parties that plaintiff sustained an injury to her knee on February 20, 1967, while acting in the course and scope of her employment as cook in her employer's restaurant. It was also stipulated that defendant is the workmen's compensation insurer for Lester Solomon, doing business as International Theatre Restaurant, and that in the event of an award the maximum weekly benefit of $35 per week should apply. The only issue before this court is whether to apply the prescriptive period of one year or the preemptive period of two years as outlined in LSA-R.S. 23:1209.
Plaintiff remained at home for a few days following the accident and then returned to work. On February 28, 1967, she was seen by Dr. Morris J. Weisler who treated her for traumatic arthritis of the left knee. She continued under treatment of Dr. Weisler until February, 1968, at which time he felt she was recovered from her injury.
She continued to work at the restaurant, but only for intervals of two or three days because, as she testified, the pain in her knee was too severe to allow her to work a full week. There is nothing in the record to indicate that she received a lesser scale of pay or that she performed lighter work. She received no compensation payments during this period.
In June, 1967, plaintiff quit her employment at the restaurant because, as she testified, "I Just wasn't able to work anymore." She continued to work as a domestic servant off and on following her employment at the restaurant, and was still performing this labor at the time of the trial below.
In June, 1968, she sought the medical assistance of Dr. H. R. Soboloff. After examination, Dr. Soboloff rendered a report that plaintiff had sustained a permanent injury to her left knee, disabling her from continuing her occupation.
Plaintiff argues before this court that the report rendered by Dr. Soboloff in July, 1968, was the first notice she had that she was totally and permanently disabled by her injury and therefore her suit was timely, being brought within a year from the development of the injury, as provided by LSA-R.S. 23:1209, which reads as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." (Emphasis added.)
The question upon which a decision of the issue in this case hinges is at what point the plaintiff's injury "developed." This is a question of fact which must be determined from the testimony and evidence in the record before us. If the injury developed after August 19, 1967, plaintiff's suit filed August 19, 1968, was timely;
*591 otherwise, her action would be barred by prescription.
The issue is not new to our jurisprudence. From the guidelines announced by the Supreme Court in the cases of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 657, 57 So.2d 218, 219 (1952), and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), has evolved the jurisprudential rule that "development of injury" means the time from which the employee can no longer pursue his trade and occupation. This does not mean merely occurrence of an incident and pain, but the time when it is manifest to the employee or his employer that he is unable to perform substantially the duties of employment. See also Bigham v. Swift & Company, 229 La. 341, 86 So.2d 59 (1956); Brewster v. City of Shreveport, 108 So.2d 801 (La.App. 2d Cir. 1959); Croswell v. Wells, 102 So.2d 794 (La.App. 2d Cir. 1958); Ceasar v. Calcasieu Paper Company, 102 So.2d 314 (La.App. 1st Cir. 1958); Walker v. Mansfield Hardwood Lumber Co., 35 So.2d 610 (La.App. 2d Cir. 1948).
Applying these principles to the facts in this case it is obvious that the point at which plaintiff could no longer perform the duties of her employment was June, 1967, when she discontinued her employment at the restaurant because of the pain.
Plaintiff has placed great emphasis on the fact that Dr. Weisler, plaintiff's first treating physician, at no time informed her that she was permanently disabled, in corroboration of which she points to a printed report form labeled "Surgeon's Report," dated July 20, 1967, signed by Dr. Weisler, and admitted in evidence by stipulation. Her answer to a question if the injury resulted in a "permanent defect" was "0" (none).
However, on cross-examination, plaintiff testified:
"Q Now, what occasioned you to leave, a better job?
A No, sir.
Q Why did you leave?
A I just wasn't able to work any more.
Q You couldn't work, could you?
A No.
Q Your knee was giving you too much trouble, wasn't it?
A That's right, I wasn't able to work any more.
Q That was in June of 1967, wasn't it?
A Yes, sir.
* * * * * *
Q Now, did you go to Dr. Weisler after June 25, 1967?
A Oh, yes, sir.
Q During this period of time he didn't tell you that you couldn't work, did he, you knew that from your condition?
A That's right.
Q And this is in June of 1967, is that correct, we're talking about?
A Yes."
Clearly plaintiff was aware in June, 1967, that her injury was of such a nature that she could no longer perform her duties of employment.
We are fully aware of the beneficent purpose of the workmen's compensation law and the liberal policy of the courts in extending the coverage of the act to deserving persons. We are in sympathy with the plaintiff who obviously sustained an injury from which she suffered pain and to some extent a disability; but we are bound by the facts before us, particularly, her own honest testimony that she was unable to continue the duties of her employment after June, 1967. This marked the point of development of the injury and began the tolling of prescription.
For the foregoing reasons the judgment appealed is affirmed at appellant's cost.
Affirmed.