248 So.2d 99 (1971)
Gerard A. KAUPP
v.
CITY OF NEW ORLEANS, New Orleans Fire Department, and Travelers Insurance Company.
No. 4395.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1971.
Donald B. Ruiz, New Orleans, for plaintiff-appellee.
Blake G. Arata, Jackson P. McNeely, New Orleans, for defendants-appellants.
Before REGAN, CHASEZ and GULOTTA, JJ.
GULOTTA, Judge.
The plaintiff in this action for Workmens' Compensation benefits, Gerard A. Kaupp, injured his left knee on October 7, 1964, in the course and scope of his duties, while employed as a fireman by the City of New Orleans. Although he had had earlier problems with the knee, Mr. Kaupp returned to his duties as a full-time fireman immediately following this incident. While troubled by some discomfort and periodic pain in the knee, he discharged those duties through May 26, 1965. There is no evidence that he did not perform all of the tasks necessary to his work. On May 26, 1965, the plaintiff suffered severe pain and swelling of the knee necessitating his return to his attending physician, Dr. Jack Ruli. He was advised by the doctor on that day to discontinue work. Dr. Ruli testified that either on May 25 or May 26 that the plaintiff should take the pension because of his disability. Dr. Ruli also testified that the plaintiff discontinued work in May of 1965 and that he ran out of sick time in June of 1966 immediately whereupon he went on *100 the pension. Moreover, the pay records of the City indicated that Mr. Kaupp discontinued work on May 28, 1965. Subsequently, the knee joint of plaintiff was fused by Dr. Gernon Brown who had treated Mr. Kaupp for a torn cartilage since March of 1961. There is no contention that the plaintiff had not been totally and permanently disabled within the meaning of the compensation statute.
Mr. Kaupp filed suit on May 26, 1966. The principal defense to the action was that the plaintiff did not show an interruption of prescription between the date of the injury on October 7, 1964, and the date of the filing of the suit, May 26, 1966. The trial court overruled the exception of prescription and awarded maximum benefits in the sum of $35 per week not to exceed 400 weeks commencing June 17, 1966, subject to a credit of compensation payments of 54 weeks. Additionally, the Court ordered the defendant to pay certain medical bills, experts' fees, and all costs. Plaintiff's demand for attorney's fees and penalties was denied. It is from this judgment that the defendant appeals.
The trial court predicated its ruling upon the assumption that the payment of annual sick leave benefits which commenced on May 28, 1965, and continued until the fund was exhausted, constituted payments in lieu of compensation and, as such, tolled the running of the prescriptive period. The City was allowed a credit against the compensation judgment for the 54 week period during which these benefits were paid.
Both parties to this appeal argue that the trial court erred in holding sick leave benefits payment in lieu of compensation. Defendant-appellant raises the argument to prevent interruption of prescription; plaintiff-appellee makes the argument to prevent a credit of 54 weeks in compensation payments against his compensation judgment.
We are of the opinion that the trial court erred and that the payments of sick and annual leave were not payments in lieu of compensation but were earned. This conclusion was reached in the case of Guerrera v. City of New Orleans, 212 So.2d 223 (La.App. 4th Cir., 1968).
We do not agree with appellant's contention that this finding requires a reversal of the compensation award. Compensation benefits are, as a matter of necessity, proximate to disability. Where accident or injury and disability are not simultaneous, it is the onset of disability which is the compensable event and which commences the running of the relevant prescriptive period, subject of course to the limitations imposed by LSA-R.S. 23:1209:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
See also the case of Brewster v. City of Shreveport, 108 So.2d 801 (La.App. 2nd Cir., 1959), and Guidry v. Mud Supply Company, 155 So.2d 105 (La.App. 1st Cir., 1963).
The evidence in this case clearly supports the premise that disability did not develop until May 26, 1965. We note in this connection that the plaintiff did, as a matter of fact, discharge his duties until that date. In Mottet v. Libbey-Owens-Ford *101 Glass Co., 220 La. 653, 57 So.2d 218 (1952), rehearing denied Feb. 18, 1952, for example, the court observed,
"In this case the injury did not develop into total disability until March 11 1947, at which time the plaintiff could no longer pursue his trade as a glass cutter. For us to say that he was disabled to perform the duties of his trade prior to that time would be mere conjecture on our part because he had, in fact, continued to perform the duties of his trade until that date. His suit was filed on August 4, 1947, a short time after he became disabled, and within a year from that time. Such being the case the plaintiff's suit was timely filed and the plea of peremption cannot be maintained."
In the case at bar, suit was filed within one year from May 26, 1965, the date that the plaintiff became disabled; and, therefore, the cause of action filed by plaintiff on May 26, 1966, had not prescribed.
The language cited as controlling in Bigham v. Swift & Company, 229 La. 341, 86 So.2d 59 (1956) and Guidry v. Mud Supply Company, supra, is to the same effect:
"The Supreme Court in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, in interpreting the meaning of LSA-R.S. 23:1209 concluded the limitation of one year within which suit must be instituted to interrupt prescription in workmen's compensation cases to be the date on which the injured employee is disabled, because of such injury, to perform the duties of his employment. Consequently, even if an employee were aware of an injury, if, despite such injury, he continued to work performing the type of duties he was performing when injured, prescription would not begin to run on his claim until his disability and inability to perform his duties because of the injury became known either to the injured employee or his employer. Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Bigham v. Swift & Co., 229 La. 341, 86 So.2d 59." Guidry, supra, 155 So.2d 107, at 107.
The present case falls squarely within the principles enunciated herein above. The trial court properly overruled the plea of prescription. To this extent, the judgment overruling the plea of prescription and awarding maximum benefits is affirmed. However, we are of the opinion that the trial court erred in granting a credit of 54 weeks in compensation payments based upon the payment of sick leave benefits. We find no basis for such a credit. To this extent, the judgment is amended, thereby disallowing the credit to the appellant for the payment of 54 weeks compensation. In all other respects, the judgment denying penalties and attorney's fees is affirmed. Appellant is to pay all costs.
Amended and affirmed.