PRICE, Judge.
This appeal involves a determination of whether plaintiff’s rights to workmen’s compensation benefits have prescribed or perempted under the provisions of LSA-R.S. 23:1209.
Henry Calvin Seago was employed by Foremost Foods Company on December 20, 1969, and while engaged in unloading crates of milk in a delivery to a commercial customer his foot slipped, causing him to injure his back. Subsequent medical examination disclosed the necessity for surgery for a suspected herniated disc. This was performed on January 7, 1970, and a herniation on the left side of discs at the 4th and 5th lumbar spines were excised. The treating physician, Dr. Baer I Ram-bach, released plaintiff to return to work in early June, 1970. Compensation benefits were paid plaintiff by the compensation insurer, Continental Casualty Company, during the period after the accident until he resumed work in June. Plaintiff continued to have complaints of pain in his back radiating down to his right leg and was reexamined by Dr. Rambach in July, 1970, who at the time was of the opinion plaintiff’s symptoms of pain resulted from the usual rehabilitation of plaintiff’s back to working conditions after the surgical procedure. Although plaintiff continued to work, he experienced increasing difficulty with his back and right leg, and Dr. Ram-bach performed a myelogram on April 25, 1971. Surgery was recommended at this time but plaintiff requested he be allowed to make another attempt to' continue his work. His pain grew steadily worse and after consultation with a neurosurgeon, Dr. Lloyd Megison, surgery was agreed to by plaintiff. Drs. Megison and Rambach performed surgery on plaintiff on July 21, 1971, and found plaintiff’s difficulty was caused by scar tissue that had formed on nerve roots at the point of the previous disc operation. After removal of this tissue a fusion of L-4 to the sacrum was accomplished by use of a bone graft. Plaintiff has never returned to work since July, 1971, and it is undisputed that at this time he was totally and permanently disabled to carry on the work he had performed in his employment.
Plaintiff filed this action against Foremost’s insurer, Continental, on October 26, 1971, for benefits for a total and permanent disability allegedly resulting from the accident of December 20, 1969.
Defendant filed an exception of prescription contending plaintiff alleges but one accident and injury happening in his employment on December 20, 1969, which resulted in an immediate disability for which he was paid compensation until his return to work on or about June 6, 1970. Therefore, the filing of suit on October 26, 1971, was more than one year after the date the last compensation was paid and is barred by the provisions of R.S. 23:1209. Defendant also answered plaintiff’s petition reiterating the plea of prescription and admits that should the exception of prescription not be sustained, plaintiff is entitled to the benefits requested.
The trial court overruled the exception of prescription and rendered judgment for the statutory benefits for a total and permanent disability, subject to credits for payments previously made and for all medical expenses up to the statutory maximum.
Defendant perfected this suspensive appeal, asking for a review of the trial judge’s ruling on the issue of prescription only.
LSA-R.S. 23:1209 provides as follows:
“In case of personal injury (including death resulting thereform) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as *914 provided in Parts III and IV of this Chapter. Where such payments have been made in any case the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year [from the time the injury develops,] but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
The question presented is whether the circumstances of this case fall within the purview of the last sentence of this statute relating to a two-year peremptive period for filing of actions where . . . “the injury does not result at the time of, or develop immediately after the accident” . . or within the prior provisions limiting the claimant to a period of one year from the date the last payment of compensation was made.
Defendant relies primarily on the decision in Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3d Cir. 1973), in support of its position the claim prescribed because suit was not filed within a year of the date of the last payment of compensation. In the Blanchard case, the injury and other circumstances were somewhat similar to those involved herein. However, because of the elapse of more than three years from the date of the accident involved in Blanchard, the claimant did not attempt to negate prescription or peremption under the last sentence of Sec. 1209 as is presented here. Therefore, we do not consider the decision in Blanchard to be controlling on the matter before us.
We consider the evidence to show plaintiff in reality sustained two injuries from the accident of December 20, 1969. The first injury was the herniated disc at U4 and L-5 which caused a temporary disability until June 1, 1970, at which time he resumed work with the assurance of his physicians he was capable of doing his work. The symptoms of scar tissue gradually developed over a period of time and caused him to undergo the second surgical procedure in the same intervertebral space which in turn resulted in a further weakening of the spine to the extent fusion was necessary to prevent movement. This fusion resulted in plaintiff’s total permanent disability to do the work previously performed. Dr. Rambach attributed all of the foregoing to the December 20, 1969 accident. We, therefore, find the injury causing the total and permanent disability to be manifest at the time of the second surgery. Up until this time, plaintiff attempted to work and had been led to believe by his physicians he would not be permanently disabled.
In defining the meaning of the phrase “from the time of the development of the injury,” as used in the last sentence of Section 1209, in the case of Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589 (La.App. 4th Cir. 1970), the court stated:
“The issue is not new to our jurisprudence. From the guidelines announced by the Supreme Court in the cases of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 657, 57 So.2d 218, 219 (1952), and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), have evolved the jurisprudential rule that ‘development of injury’ means the time from which the employee can no longer pursue his trade and occupation. This does not mean merely occurrence of an incident and pain, but the time when it is manifest to the employee or his employer that he is unable to perform substantially the duties of employment. See also Bigham v. Swift & Company, 229 La. 341, 86 So.2d 59 (1956); Brewster v. City of Shreveport, 108 So.2d 801 (La. App.2d Cir. 1959); Croswell v. Wells, 102 So.2d 794 (La.App. 2d Cir. 1958); Ceasar v. Calcasieu Paper Company, 102 So.2d 314 (La.App. 1st Cir. 1958); *915 Walker v. Mansfield Hardwood Lumber Co., 35 So.2d 610 (La.App. 2d Cir. 1948).
Also following the rationale of the Mottet case cited in the above quote from Hobley, is the case of Ceasar v. Calcasieu Paper Co., Inc., 102 So.2d 314 (La.App. 1st Cir. 1958), which discusses the pertinent portion of the statute as follows:
“Appellant’s plea of peremption, reurged upon appeal, is based upon the circumstance that, although the accident occurred on June 24, 1954, suit for compensation was not filed until March 8, 1956, or almost 21 months later.
“This plea is of course based upon the provision of LSA-R.S. 23:1209 that suit must ordinarily be brought within one year of the date of the accident or of the last payment of compensation. However, this statutory section further provides that ‘Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation [of one year] shall not take effect until the expiration of one year from the time the injury develops,' but in all such cases the claim for payment is forever barred unless the proceedings have been begun within two years from the date of the accident.’
“In sometimes almost identical circumstances, in Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, Bigham v. Swift & Co., 229 La. 341, 86 So.2d 59; Johnson v. Cabot Carbon Co., 227 La. 941, 81 So.2d 2 and Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, our Supreme Court has held that an injury or disability is not legally manifest, when an employee injured at work continues in his employment with the same employer and fully earns his wages, until the date the employment terminates. It was pointed out that it would be conjectural to hold the disability to be developed or manifest during this interval following the accident.
“Thus the District Court correctly overruled defendant’s plea of peremption to the present suit, filed March 8, 1956, for disability resulting from an accident of June 23, 1954, which did not become legally manifest until August 8, 1955, when the plaintiff’s employment terminated. Being brought within two years of the accident and within one year from the time the injury became manifest, the suit is timely.”
We agree with and find appropriate the following comment of the court in Ceasar:
* * * “In the absence of the Mottet doctrine, the employee would be penalized who upon receiving an injury of undetermined residual nevertheless continues to work to rehabilitate himself and to support his family, rather than filing suit against his employer and most possibly having his employment terminated in order to protect a right to receive workmen’s compensation which would not be needed should the potential disability disappear if (as in this instance, pursuant to the physicians’ recommendation) he continues working.”
We conclude that plaintiff, having filed his action within one year of the time hjs injury causing permanent disability manifested itself, and within two years of the accident, is within the peremptive period provided by Section 1209 and the exception of prescription or peremption was properly overruled.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.