424 So.2d 1266 (1982)
Mattie EBARB, Plaintiff-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.
No. 82-445.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*1267 Lunn, Irion, Switzer, Johnson & Salley, Frank M. Walker Jr., and Ronald E. Raney, Shreveport, for defendant-appellant.
Thomas, Dunahoe & Gregory, Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
Mattie Ebarb, widow of Eli Ebarb, Sr., brought this suit to recover workmen's compensation death benefits. The trial court found that the injury Ebarb received on the job was causally related to his subsequent death, and awarded the plaintiff medical expenses, funeral expenses and weekly benefits. The trial court denied recovery of penalties and attorney's fees. The defendants, Essex Corporation and Insurance Company of North America, appeal from the judgment urging that the trial court erred when it held that there was a causal relationship between Ebarb's hand injury and his subsequent fatal heart attack. Plaintiff answered the appeal, alleging that the trial court erred in failing to award statutory penalties and attorney's fees.

FACTS
On December 29, 1980, Eli Ebarb, Sr. was employed as a rig operator by the Essex Corporation. In the course of his employment on that date, he received a severe crushing injury to his left hand. He was hospitalized at the Louisiana State University Medical Center in Shreveport, where he underwent surgery and other treatment for the hand injury. He remained hospitalized there until January 14, 1981, when he suffered a heart attack and died.

CAUSATION
The first issue we address is the correctness of the trial court's determination that Ebarb's heart attack was caused in part by the injury to his hand. On this issue, the court was presented with two conflicting medical opinions.
Dr. Joseph A. Thomas practices general medicine and surgery. He estimated that roughly thirty-five percent of his practice has to do with cardio-vascular disease. It was Dr. Thomas' opinion that Ebarb suffered severe pain and was placed under a considerable amount of stress as a result of the injury to his hand, and that this pain and stress caused him to have a myocardial infarction (heart attack).
*1268 The defendants introduced the deposition of Dr. John H. Phillips, Chief of Cardiology at Tulane University School of Medicine. Dr. Phillips stated that he found no evidence in the record that indicated a causal relation between the hand injury and the heart attack. He noted that Ebarb had a history of heart disease, including a previous myocardial infarction. He had a previous diagnosis of Stokes-Adams attack in 1979. He had a paroxysmal atrial flutter fibrillation, atrial premature beats, and post atrial extra systolic SA inhibition, indicating sick sinus syndrome. Dr. Phillips stated that any one of these disorders could result in sudden, unexpected death without any identifiable preceding cause. When asked for his conclusion as to the presence or absence of a causal relation between the injury and the heart attack, Dr. Phillips stated:
"There's no one in the world who could answer that with 100% confidence. There is no way of knowing it. Even if an autopsy had been performed, there would have been no way of knowing. It's my feeling that statistically it's much more probable, more likely than not that the injury was not related to his death."
To resolve this conflict in medical testimony, it is helpful to review recent jurisprudence concerning the relation between job related stress and exertion and heart attacks.[1] At the outset we observe that a worker's pre-existing condition does not bar his recovery under our workmen's compensation statute. Guidry v. Serigny, 378 So.2d 938 (La.1979); Guillory v. United States Fidelity and Guaranty, 420 So.2d 119 (La.1982). An employer takes the employee as he finds him. An abnormally susceptible worker is entitled to the same protection as a healthy worker. Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Guillory, supra.
In Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982), a widow brought suit for compensation benefits after her husband died from a heart attack suffered on the job. Guidry was a painter who suffered his fatal heart attack while taking a break during the course of a normal work day. The court in Guidry declined to hold that there exists a presumption that an on-the-job heart accident is caused by the employment. Rather, the Court held that the burden is on the plaintiff to prove by a preponderance of the evidence "that the work effort, stress, or strain in reasonable probability contributed in some degree to the accident". (emphasis supplied). Turning then to the degree of connexity required, the court stated:
"For the heart accident to arise out of or be connected with the employment, the exertion stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life15 (e.g., as compared to the more or less sedentary life of the average non-worker).
In other words if the activities in which the worker with a pre-existing heart disease is engaged, whether for his job usual and customary or not, entail exertion, stress or strain greater than would be involved in everyday non-employment life and he experiences a heart accident, he has made a prima facie showing that the accident arose out of or was connected with, the employment." (footnotes omitted)
Guidry makes it clear, then, that 1) to be compensable, a heart accident must be causally related in part, however slight, to the employment, Guidry, supra, at p. 632; and, 2) the amount of stress or exertion required in order to establish causation need only be of a degree greater than that generated in every day non-employment life.
The record reveals that, following his hand injury, Ebarb suffered a great deal of physical pain and emotional upset. Members of his family testified that Ebarb constantly *1269 complained of pain, and that on their daily visits to him in the hospital, he was often driven to tears either by the physical pain or emotional upset. The treating physicians had determined that skin graft surgery was necessary. In addition to the skin graft surgery, Ebarb's future with regard to the use of his hand and his ability to work was at best uncertain. The record clearly establishes that the amount of stress to which Ebarb was subjected prior to his heart attack was substantially greater than that generated in every day non-employment life.
The trial court found that the injury to Ebarb's hand bore a causal relation to his fatal heart attack. In light of the factual circumstances of his death and the liberality of the more recent cases in finding causal links between stress and heart accidents, we find no manifest error in the trial court's determination. His conclusion was supported by ample medical and other testimony, and was not clearly wrong.

PENALTIES AND ATTORNEY'S FEES
The trial court found that the defendant, Insurance Company of North America, did not act arbitrarily and capriciously in refusing to pay the claim. He found that there was a genuine issue of fact as to whether the death of Ebarb was caused in any way by his hand injury. Our careful review of the record reveals no clear error in the trial court's resolution of this issue. The defendant was faced with a claim involving a sixty eight year old man with a history of heart disease whose heart attack occurred two weeks after the work injury. In light of those circumstances, and the fact that even the medical testimony was in conflict with regard to the issue of causation, we find that the trial judge's refusal to grant statutory penalties and attorney's fees was not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to defendants-appellants.
AFFIRMED.
NOTES
[1] In the instant case, we are concerned with stress caused by work-related injury. We can conceive of no logical reason why the principles applicable in cases involving job related stress should not apply with equal force to cases involving stress arising as a result of work-related injury.