CUTRER, Judge.
Artis L. Gipson brought suit to recover workmen’s compensation benefits. The trial court found that Gipson had sustained a work-related accidental injury and awarded benefits based upon a finding of total and permanent disability. The defendant, Dresser Industries, Inc. (Dresser) appeals contending that the trial court erred in finding that Gipson had sustained an injury and disability as a result of an accident occurring within the scope and course of his employment. Dresser also pleads prescription.
FACTS
Gipson, 59 years of age, retired from the United States Armed Forces in 1964. He had 21 years of combined service, 14 years with the Army and 7 years in the Air Force. Following retirement, he was employed as a chef for several different establishments until 1975, at which time he was employed by Dresser as a janitor. After serving in this position for IV2 years he was promoted to the job of “phosphating.”
In this employment, Gipson had the duty of loading certain equipment with different sized valves manufactured by Dresser. After loading the valves into the equipment, the valves were submerged in a series of vats containing heated chemicals which cleaned and coated the valves with a phosphate solution. The valves were being readied for public use. The temperature in the work area occupied by Gipson was high, being approximately 100 degrees in the summer months. Gipson’s work was strenuous, requiring heavy lifting under very adverse conditions.
On or about July 18, 1980,[1] while Gipson was performing his regular duties “phos- *1340 phating,” he suddenly became weak, dizzy and felt like he was going to faint. He stopped work and sat down.
He testified that some fellow employees helped him to the first aid station a short distance away. He lay down until the shift that he was working ended. He rode home with a fellow employee, Mrs. King, a member of a car pool. Mrs. King stated that when Gipson got into her car he told her what had happened and that he had remained at the first aid station until the work day ended.
Paul Burke, another fellow employee, confirmed that plaintiff had become sick and had to be taken to first aid. He stated that this was plaintiffs last day at work for Dresser.
Dr. Thomas LaCour, a family practitioner, examined plaintiff on July 28,1980, and found that plaintiff suffered a massive myocardial disease of the heart and hypertension or high blood pressure. Dr. LaCour recommended that a cardiac catheterization be performed by a specialist. The doctor who performed such tests was out of town on vacation and this test was never performed.
Gipson was hospitalized beginning July 28th for ten days while Dr. LaCour performed tests. Dr. LaCour hospitalized Gip-son on two subsequent occasions for examination and further treatment. He also saw Gipson as an outpatient, the last time being March 3, 1982.
Dr. LaCour stated that Gipson’s condition disabled him from performing his duties with Dresser. He felt that he may be able to stabilize the condition but that he was permanently disabled from performing any strenuous work.
This physician found that the adverse working conditions (heat) and strenuous type of work had the effect of aggravating Gipson’s pre-existing condition.
At the instance of Dresser, Gipson was seen by Dr. William Brown, also a family physician. He saw Gipson on March 26, 1981. His diagnosis was the same as that of Dr. LaCour. He stated that the work performed by Gipson could aggravate, not the condition, but symptoms of the existing condition. He also found that Gipson was totally and permanently disabled.
ACCIDENT
Dresser contends that the trial judge erred in concluding that Gipson sustained an accident within the course and scope of his employment.
There is little question that Gipson sustained an accident while performing his duties for Dresser.
An accident is defined in LSA-R.S. 23:1021(1) as:

“[a]n unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the timé objective symptoms of an injury.”

Toward the close of a work day of strenuous work under adverse conditions of high heat, Gipson experienced a fainting feeling, shortness of breath, became dizzy and weak. After sitting down for a while he was taken to the first aid station where he rested for the remainder of the work day.
He experienced no external trauma but such trauma is not necessary in order for an event to be considered an accident under Louisiana jurisprudence. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972).
Dr. LaCour testified that the fainting spell experienced by Gipson on the job could have been caused by the stress and strain of Gipson’s work.
These facts establish the occurrence of a job-related accident by Gipson. This reasoning is supported by the case of Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982), where the plaintiff suf *1341 fered a fainting spell while on the job. The examining physicians diagnosed a disease of the heart, stenosis. The physicians felt that the fainting spell was probably causally related to the strenuous physical labor performed by plaintiff the day of the incident. The parties in Guillory conceded that, under these circumstances, plaintiff had suffered a job-related accident.
In the case at hand, we conclude that the fainting spell incurred by Gipson on the last day of his employment was an accident occurring within the course and scope of his employment.
CAUSATION
Even though Dresser did not specifically set forth the causation issue in the assignment of errors, they argue that Gipson’s condition of heart disease was not caused by the fainting spell, dizziness or stressful activity of Gipson and he is therefore not entitled to compensation. This brings us to the intervening link of causation.
The standard for determining causation in a heart disease case is set forth in Guillory, supra. The court held as follows:
“Clearly a worker’s pre-existing condition does not bar his recovery under the Louisiana Workers’ Compensation statute. Guidry v. Serigny, 378 So.2d 938 (La.1979); Russell v. Colonial Sugars Company, 318 So.2d 87 (La.1975). An employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less protection under the compensation statute than a healthy worker. Allor v. Belden Corp., 393 So.2d 1233 (La.1981) and cases cited therein at 1236. Furthermore it is immaterial that the diseased or weakened condition eventually might have produced death or disability outside the employment situation. See generally: Malone & Johnson, Worker’s Compensation § 232, 13 La.Civ.Law Treatise, 482.

“The accident need not either cause or aggravate the disease which is the cause of the disability, nor adversely change a particular organ or organs of the body. In Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 at 827 (1969), this Court expressly rejected the proposition that ‘an accident must either cause or aggravate the disease which is the cause of the disability,’ a proposition which had been espoused in Nickelberry v. Ritchie Grocer, 196 La. 1011, 200 So. 330 (1941) and Seals v. Potlatch Forests, Inc., 151 So.2d 587 (La.App. 3d Cir.) cert. denied 244 La. 398, 152 So.2d 63 (1963). Instead the Bertrand court stated:

‘The legal criterion in compensation cases involving heart disease should be whether the accident caused a change in the employee’s physical condition which is disabling, and not whether the accident changed the diseased organ of the employee. The residual condition from an accidental injury which substantially increases the possibility of recurrence of a disabling or death-dealing episode is legally disabling and is compensable under our Workmen’s Compensation law. Bertrand, supra [221 So.2d] at 828, quoted in Guillory, 401 So.2d [543] at 550 [ (La.App. 3rd Cir.1981)] (Domengeaux, J. dissenting) (Emphasis supplied).’

“Where there is proof of an accident and of the following disability without any intervening cause it is presumed that the accident caused the disability. It is not necessary to determine the exact cause of the disability. Allor, supra. The criterion for causal connection between the accident and the disability is: ‘has the accident changed the plaintiff’s condition so as to render him disabled and unfit for his former employment. ’ Bertrand, supra 221 So.2d at 827.

“The presumption referred to in number three above is rebuttable. Its effect is to shift the burden of proof to the defendant. The defendant bears the burden of coming forward with enough contrary evidence to rebut the presumption. Allor, supra; Haughton v. Fireman’s Fund American Ins. Co., 355 So.2d 927 (La.1978).

*1342
“The ultímate determination concerning disability under the worker’s compensation statute is by the courts, not the medical experts. The courts apply legislative definitions to the medical science in order to achieve an equitable and just result. Bertrand, supra [221 So.2d] at 828. ‘Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the court, based on all the credible evidence.’ Haughton, supra at 928.”

With these principles in mind we make the following findings as to plaintiffs accident and disability:
Prior to the accident in question, Gip-son had been steadily employed in strenuous work from the time of his retirement from the armed services (1964) until the day of the accident in July 1980. His heart condition had pre-existed the accident in question but the evidence does not show that such condition adversely affected his ability to perform strenuous work;
He suffered a work-stress-related accident which was contributed to, in part, by a pre-existing heart disease (myocardial);
Following the accident, he was disabled from performing any stressful work. This disability, according to both physicians who testified, would be permanent; and
His disability is presumed to have been caused by the accident. Dresser did not rebut this presumption. While the accident did not change the condition (myocardial) it did change the symptomotolo-gy and, in this manner, had the effect of worsening his condition.
Gipson has met the criteria set forth in Guillory, supra, and we find that Gipson’s disability was caused, at least in part, by the accident. Gipson would be entitled to workmen’s compensation payments for total permanent disability.
PRESCRIPTION
Dresser contends that one year prescription is applicable as Gipson did not file his suit until more than one year from the date of the accident, July 18, 1980. The suit was filed July 24, 1981.
In the case of Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589 (La. App. 4th Cir.1970), the court, in discussing prescription in workmen’s compensation cases, stated as follows:
“The issue is not new to our jurisprudence. From the guidelines announced by the Supreme Court in the cases of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 657, 57 So.2d 218, 219 (1952), and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), has evolved the jurisprudential rule that ‘development of injury’ means the time from which the employee can no longer pursue his trade and occupation. This does not mean merely occurrence of an incident and pain, but the time when it is manifest to the employee or his employer that he is unable to perform substantially the duties of employment. See also Bigham v. Swift & Company, 229 La. 341, 86 So.2d 59 (1956); Brewster v. City of Shreveport, 108 So.2d 801 (La.App. 2d Cir.1959); Croswell v. Wells, 102 So.2d 794 (La.App. 2d Cir.1958); Ceasar v. Calcasieu Paper Company, 102 So.2d 314 (La. App. 1st Cir.1958); Walker v. Mansfield Hardwood Lumber Co., 35 So.2d 610 (La. App. 2d Cir.1948).”
Applying these principles to the facts in this case, we conclude that the suit was timely filed. Dr. LaCour diagnosed Gipson’s condition for the first time on July 28, 1980, as being a disabling condition. It was deemed disabling to the extent that Gipson could not return to his employment. This is the first time that Gipson was made aware of the nature of the condition and its disabling effects. This was the time “when it is manifest to the employee or his employer that he is unable to perform substantially the duties of employment.”
The suit being filed on July 24,1981, was timely. The trial court correctly overruled the plea of prescription.
For the reasons assigned the judgment of the trial court is affirmed. The costs of *1343 this appeal are assessed to Dresser Industrial Valve Operations, a Division of Dresser Industries, Inc.-appellant.
AFFIRMED.

. The date of the incident is not clear. Plaintiff stated that he suffered a fainting spell the last day he worked at Dresser. He was not certain but he felt that the date was July 26, 1980. *1340 Dresser’s records reflect that Gipson’s last day of employment was July 18. The trial court found that Gipson was confused and that the incident occurred while Gipson was on duty. We cannot say the trial judge was clearly wrong in his conclusion that the accident occurred during Gipson’s employment, the last day of which was July 18, 1980.