441 So.2d 24 (1983)
June M. ROBERTS, Plaintiff-Appellee,
v.
SONIC DRIVE IN OF MARKSVILLE, INC., and North River Insurance Company, Defendants and Appellants.
No. 83-224.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 16, 1984.
Trimble, Randow, Percy, Wilson & Foote, Elizabeth E. Foote, Alexandria, for defendants and appellants.
William J. Bennett, Marksville, for plaintiff-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Mrs. June M. Roberts filed suit to recover workmen's compensation benefits. The trial court found that Mrs. Roberts had sustained a work-related accident and found her partially disabled under the workmen's compensation statute entitling her to $163 per week beginning March 11, 1981 and continuing during her disability for a maximum *25 of 450 weeks, plus medical, penalties, interest and attorney fees. The defendants, Sonic Drive In of Marksville, Inc. (hereafter Sonic) and its workmen's compensation carrier, North River Insurance Company, contend that (1) the trial court erred in finding a causal connection between Mrs. Roberts' angina attacks and her residual disability; (2) the trial court erred in overruling defendants' plea of prescription; and (3) the trial court erred in awarding penalties and attorney's fees.

FACTS
Mrs. Roberts, 44 years of age, was employed as the manager of the Sonic in Marksville. As part of her employment Mrs. Roberts supervised the work of more than thirteen employees, ordered the various food items, handled the payroll, did some of the cooking, took food orders from customers, and was primarily responsible for cleaning the restaurant. Her job further required her to lift heavy objects, weighing thirty-five to fifty pounds. She averaged nine to ten hours a day and had worked at the Sonic approximately four years.
On March 11, 1981, while managing the Sonic, Mrs. Roberts began to suffer severe chest pains immediately after she lost her temper because the kitchen was left dirty from the night before. Later that day she saw her family physician, Dr. L.J. Mayeux. It was Dr. Mayeux's opinion that Mrs. Roberts was suffering from angina pectoris. Dr. Mayeux admitted Mrs. Roberts to Marksville General Hospital that same day for further testing. While hospitalized she continued to suffer severe chest pains and was transferred to St. Francis Cabrini Hospital in Alexandria on March 24,1981 where an angiogram was performed. It was then that Mrs. Roberts was diagnosed as suffering from a severe coronary disease with significant blockages of the left interior descendant and the right coronary artery. Plaintiff was later transferred to Ochsner Clinic in New Orleans where a double by-pass operation was performed. Plaintiff has not worked since March 11, 1981.

CAUSATION
Defendants contend that there was no causal connection between Mrs. Roberts' employment, and any disability that resulted following the angina attack on March 11, 1981.
We find that Mrs. Roberts sustained an accident while performing her managerial duties for Sonic as defined in LSA-R.S. 23:1021(1):
"... [an] unexpected or unforseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
When Mrs. Roberts arrived at work at 8:30 a.m. on March 11, 1981, she found the kitchen dirty with greasy tables from the previous night. The kitchen needed to be cleaned and she was going to have to do it. This caused her to lose her temper. She suddenly felt dizzy and experienced pain in her arms and chest. She took a nitroglycerin tablet which had been prescribed for her the day before and sat down at her desk. Plaintiff then sought medical attention which resulted in her hospitalization and surgical treatment.
Three medical experts testified that the activities performed by Mrs. Roberts during her employment could cause angina pains. From the medical testimony and the circumstances surrounding the March 11,1981, angina attack it was established that Mrs. Roberts suffered a job-related accident. See Gipson v. Dresser Indus. Valve Ops., Etc., 428 So.2d 1338 (La.App. 3rd Cir.1983), writ denied 433 So.2d 161 (La.1983); Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982).
Although plaintiff's arteriosclerosis condition was determined to have been developing over a period of time this pre-existing condition does not bar recovery under the Louisiana compensation statute. Gipson, supra; Guidry v. Serigny, 378 So.2d 938 (La.1979). The Louisiana Workmen's Compensation statute extends protection to the abnormally susceptible worker because an *26 employer receives the worker as he first employs him. Allor v. Belden Corp., 393 So.2d 1233 (La.1981).
For the determination of causation in a heart disease case the standard was established in Guillory, supra. See also Gipson v. Dresser, supra. The Guillory court, quoting in part from Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969), stated:

"`The legal criterion in compensation cases involving heart disease should be whether the accident caused a change in the employee's physical condition which is disabling, and not whether the accident changed the diseased organ of the employee. The residual condition from an accidental injury which substantially increases the possibility of recurrence of a disabling or death-dealing episode is legally disabling and is compensable under our Workmen's Compensation Law. Bertrand, supra [221 So.2d] at 828, quoted in Guillory, 401 So.2d [543] at 550 [(La.App. 3rd Cir.1981)] (Domengeaux, J. dissenting) (Emphasis supplied).'

"Where there is proof of an accident and of the following disability without any intervening cause it is presumed that the accident caused the disability. It is not necessary to determine the exact cause of the disability. Allor, supra. The criterion for causal connection between the accident and the disability is: `has the accident changed the plaintiff's condition so as to render him disabled and unfit for his former employment.' Bertrand, supra 221 So.2d at 827.

"The presumption referred to in number three above is rebuttable. Its effect is to shift the burden of proof to the defendant. The defendant bears the burden of coming forward with enough contrary evidence to rebut the presumption. Allor, supra; Haughton v. Fireman's Fund American Ins., Co., 355 So.2d 927 (La. 1978).

"The ultimate determination concerning disability under the worker's compensation statute is by the courts, not the medical experts. The courts apply legislative definitions to the medical science in order to achieve an equitable and just result. Bertrand, supra [221 So.2d] at 828. `Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the court, based on all the credible evidence.' Haughton, supra at 928.'"

Plaintiff had been steadily employed with the Sonic since May, 1977. Through her years of work with Sonic, Mrs. Roberts advanced from fountain worker to store manager. Although plaintiff suffered from a pre-existing arteriosclerotic condition she was nonetheless able to cope with the strenuous work until she suffered a work-stress-related accident on March 11, 1981. Her accident was caused by her work and also partially contributed to by her pre-existing heart disease. Since the accident plaintiff has been unable to resume her pre-accident work. Plaintiff's disability has been established by the medical testimony.
The employee must establish by a preponderance of the evidence that the effort, stress or strain of work in all reasonable probability contributed in some degree to the heart accident. Shatoska v. Intern. Grain Transfer, Inc., 430 So.2d 1255 (La. App. 1st Cir.1983). If the worker's activities entail exertion, stress or strain greater than that experienced in a non-work situation and he experiences a heart accident, he has made a prima facie showing that the accident arose out of, or was connected with employment. Guidry v. Sline Industrial Painters Inc., 418 So.2d 626 (La.1982). There is a presumption that Mrs. Roberts' disability was caused by her March 11, 1981 accident and the defendants have not rebutted this presumption.
Accordingly, we conclude that plaintiff's disability was caused by the accident. Therefore, the trial court's determination that Mrs. Roberts was entitled to workmen's compensation payments for partial disability is affirmed.

PRESCRIPTION
Since Mrs. Roberts filed her suit on March 15, 1982, more than one year from *27 the accident date, March 11, 1981, the defendants contend that one year prescription is applicable. Plaintiff's suit was filed March 15, 1982.
LSA-R.S. 23:1209 provides, in pertinent part:
"... where the injury does not result at the time of, or develop immediately after the accident, the limitation [of prescription] shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
The jurisprudential rule of development of injury was thoroughly discussed in Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589 (La.App. 4th Cir.1970), which this court recognized in Gipson v. Dresser, supra, and may be stated as follows:
"... `development of injury' means the time from which the employee can no longer pursue his trade and occupation. This does not mean merely occurrence of an incident and pain, but the time when it is manifest to the employee or his employer that he is unable to perform substantially the duties of employment. (Citations omitted.)"
Although Mrs. Roberts' episode of pain from angina pectoris occurred on March 11, 1981, it was not diagnosed as a disabling condition until March 24, 1981. This is the time when angiograms revealed blockages of Mrs. Roberts' coronary arteries which deemed her unable to return to her managerial position with Sonic. Until March 24, 1981, Mrs. Roberts had no knowledge of a disabling injury. We, therefore, conclude that plaintiff's workmen's compensation suit was timely filed.

PENALTIES AND ATTORNEY FEES
The trial court found that the defendant, North River Insurance Company, was arbitrary and capricious in its refusal to pay any workmen's compensation benefits to Mrs. June Roberts and awarded her 12% penalty on all past due amounts plus an attorney's fee of $3,000. Under LSA-R.S. 22:658 penalties and attorney's fees are imposed where the facts negate any probable cause for non-payment. Moore v. Millers Mutual Fire Ins. Co. of Texas, 406 So.2d 708 (La.App. 2nd Cir.1981), writ denied, 410 So.2d 1132 (La.1982).
Mrs. Roberts testified that she personally contacted her employer in an effort to receive workmen's compensation benefits. Neither her employer nor its workmen's compensation insurer responded. Workmen's compensation benefits have never been offered or paid to Mrs. Roberts. Defendants were aware of plaintiff's injury, her hospitalization, her disability, and that she did not return to work after March 11, 1981. There is no evidence that either Mrs. Roberts' employer or its workmen's compensation carrier made any reasonable effort after March 11, 1981, to ascertain if workmen's compensation benefits were due.
Defendants contend that prescription was a substantial issue, therefore, they were not arbitrary and capricious in denying workmen's compensation benefits. We disagree. It was clear that although Mrs. Roberts suffered an angina attack on March 11, 1981, she was not diagnosed as having a disabling condition until March 24, 1981. This was sufficient to alert defendants that prescription was not a substantial issue.
There was no manifest error in the finding of arbitrary and capriciousness by the trial court and in the award of penalties and attorney's fees as provided by LSA-R.S. 22:658.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellants.
AFFIRMED.