KNOLL, Judge.
This is a workmen’s compensation case for death benefits claimed by the decedent’s wife, Mrs. Dewey F. Blades, Jr., and four minor and dependent children, namely, Michael W. Blades, Allison D. Blades, Patrick Blades and Rebecca Blades, against Argonaut Insurance Company, the workmen’s compensation insurer of Edward Mike Davis d/b/a Tiger Oil Company, the employer of the deceased, Dewey F. Blades, Jr. The trial court found that workmen’s compensation death benefits were due Mrs. Blades and the children, and further found that although Rebecca and Patrick were majors, they were still dependents. The trial court rendered judgment against Argonaut in the sum of $95 per week, commencing May 11, 1977.
Argonaut brings this appeal contending that the trial court erred in awarding workmen’s compensation death benefits by finding a causal connection between symptoms of heart disease which occurred on the job and the subsequent heart failure in the hospital.
The plaintiffs answered the appeal[1] maintaining that the trial court erred in not finding Argonaut arbitrary and capricious, and failing to award penalties and attorney’s fees.
FACTS
Prior to Mr. Blades working for Tiger Oil Company, he was employed by Shell Oil Company. While with Shell he sustained two heart attacks, the first occurring after he became upset over a conflict with his boss. The record does not reflect the circumstances surrounding the occurrence of the second heart attack.
Mike Davis, owner of Tiger Oil Company, offered Mr. Blades a position with Tiger Oil as geophysicist for more money and over *960 riding royalties in all oil, gas and mineral leases acquired as a result of Mr. Blades’ efforts. Mr. Blades accepted Mr. Davis’ offer and worked for Tiger Oil from 1974 until his death on May 11, 1977. Mrs. Blades and their four children were actually and wholly dependent upon Mr. Blades for their support. Rebecca, a major child, was attending college. She was dependent upon her father for educational and living expenses. Patrick, also a major, suffers from a birth defect known as Down’s Syndrome. His physical handicaps and mental retardation render him incapable of providing his own support.
On May 3, 1977, while on a business trip in Tulsa, Oklahoma, Mr. Blades suffered severe chest pains while running to board his employer’s airplane. That same day he was admitted to The Methodist Hospital in Houston, Texas for examination by Tiger Oil Company’s physician, Dr. Michael E. DeBakey. A series of tests conducted between May 3, 1977 and May 7, 1977 revealed that Mr. Blades suffered from arth-erosclerotic occlusive heart disease which consisted of 95% blockage in his right coronary artery and approximately 100% blockage in his left coronary artery. Dr. DeBa-key advised Mr. Blades that he needed double by-pass heart surgery.
Mr. Blades went home to Lake Charles to take care of personal business and returned to Methodist Hospital on May 9, 1977. Dr. DeBakey and a team of physicians performed open heart surgery on May 10, 1977. Mr. Blades died in the recovery room on May 11, 1977 of massive heart failure.
CAUSATION
To recover death benefits, plaintiffs must establish that Mr. Blades received a personal injury by accident arising out of and in the course of his employment. Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975). In workmen’s compensation cases, LSA-R.S. 23:1021(1) defines an accident as:
.. an unexpected or unforseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury. ”
The record is clear that Mr. Blades suffered an accident while on a business trip with his employer, Mike Davis. He was running to board the company plane and had stopped to catch his breath. Mr. Davis was rushing him and telling him to get on the plane. Mr. Blades began running again when a severe angina attack hit him. From the airport he was taken to The Methodist Hospital.
Appellants argue that since Mr. Blades died of heart failure and not angina, there is no causal connection between Mr. Blades’ employment and his death. We disagree.
Causation in heart disease cases has thoroughly been discussed by our Supreme Court in the following cases: Bertrand v. Coal Operators Casualty Company, 221 So.2d 816 (La.1968); Roussel, supra; Guidry v. Serigny, 378 So.2d 938 (La.1979); Adams v. New Orleans Public Service Inc., 418 So.2d 485 (La.1982); Guidry v. Sline Indus. Painters, Inc., 418 So.2d 626 (La.1982); Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982). Using these cases as our guideline to determine causation issues, we find causation was clearly established.
 Mr. Blades had an atherosclerotic occlusive heart disease and had two heart attacks before he went to work for Tiger Oil. Mr. Davis was informed of Mr. Blades’ heart condition. It is well settled that a worker’s pre-existing condition does not bar his recovery. Guidry v. Serigny, supra; Roussel, supra; Hammond v. Fidelity & Cas. Co. of New York, 419 So.2d 829 (La.1982); Guillory, supra; Gipson v. Dresser Indus. Valve Ops., Etc., 428 So.2d 1338 (La.App. 3rd Cir.1983), writ refused 433 So.2d 161 (La.1983); Roberts v. Sonic Drive In of Marksville, 441 So.2d 24 (La.App. 3rd Cir.1983), writ refused 444 So.2d 121 (La.1984). The employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less *961 protection under the compensation statute than a healthy worker. Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Guillory, supra.
Dr. DeBakey testified by way of deposition. He explained that angina is pain and a symptom. It was his opinion that physical and mental stress are associated with the symptoms and that Mr. Blades needed the double by-pass heart surgery for the relief of pain and survival.
The accident Mr. Blades sustained was disabling. He was hospitalized and ultimately underwent major heart surgery. Our jurisprudence holds that: “Where there is proof of an accident and of the following disability without any intervening cause it is presumed that the accident caused the disability.” Allor, supra; Guillory, supra; Gipson, supra. Appellants argue that since Mr. Blades died in the hospital and not on the job, there was no causal connection between his death and his employment. This argument ignores the undisputed facts that Mr. Blades was hospitalized and had the surgery because of an on the job accident. In Ebarb v. Insurance Co. of North America, 424 So.2d 1266 (La.App. 3rd Cir.1982), writ refused 429 So.2d 138 (La.1983), this court, citing Guidry v. Sline Industrial Painters, Inc., supra, as authority, allowed death benefits where the employee, died of a heart attack in the hospital shortly after surgery to his hand. In the present case we do not find the line of causation broken because Mr. Blades died in the hospital rather than on the job.
The trial court determined that Mr. Blades’ employment was stressful. We agree. He had to find oil for his company, a task that required physical as well as mental exertion. Based on his suggestions, the pursuit to find oil at a particular site would become an expensive gamble for his company. The stress from these activities was compounded unnecessarily by the conduct of his employer, Mr. Davis.
It is apparent from the record that Mr. Davis was of a tempermental nature. The memorandums he wrote to his employees show that he wanted them to fear him. In one memorandum addressed to landmen, geologists, geophysicists, engineers or to whom it may concern, he concluded it by saying:
“Do not speak to me when you see me. If I want to speak to you, I will do so. I want to save my throat. I don’t want to ruin it by saying hello to all of you sons-of-bitches. ”
In a memorandum addressed to all monthly salaried personnel, he commented:
“There is one thing that differentiates me from my employees. I am a known son-of-a bitch, and I care to remain that way. ”
He would call Mr. Blades at home at 1:00 A.M. and other odd hours to have lengthy discussions with him. If Mr. Blades disagreed with him, Mr. Davis would threaten to fire him.
A few months before Mr. Blades’ death, Mr. Davis began threatening to fire him if he would not renegotiate the employment contract leaving out the overriding royalty clause. Mr. Blades would not agree to give up his overriding royalty but Mr. Davis continued to pressure him to do so. The employees even talked about the stress Mr. Blades was enduring because it was so apparent.
Mr. Blades continued to be under pressure from Mr. Davis until his death. Mr. Blades did not want to submit to surgery. An employee of Tiger Oil, Mrs. Carte, testified that Mr. Davis ordered Mr. Blades to have the surgery or he would be fired.
Mr. Blades was subject to angina pector-is attacks. In the last few months before his death, the attacks became more frequent and correlate with the extra stress he was subjected to by his employment. Mrs. Blades testified that the phone calls during the middle of the night from Mr. Davis as well as the threats to fire Mr. Blades were upsetting and causing great stress upon her husband.
We find that the appellees have proven that the death of Mr. Blades was causally related to his employment.
*962 PENALTIES AND ATTORNEY’S FEES
The trial court did not award penalties and attorney’s fees because in its opinion there was a serious dispute as to coverage under the interpretation of the workmen’s compensation law as it stood at the commencement of this action. We disagree. The present action commenced in 1978. At that time the leading case of causation in heart disease cases was Bertrand, supra, a 1969 case. Bertrand is cited and its language used in the more recent cases from our Supreme Court. A heart accident must be causally related in part, however slight to the employment, is no new or novel approach to applying compensation law. Guidry v. Sline Industrial Painters, Inc., supra.
In the present case, it is not disputed that Mr. Blades suffered an accident in the course of and arising out of his employment. It is not disputed that as a result of Mr. Blades’ accident, he was hospitalized and had to undergo major heart surgery. The appellants denied plaintiffs death benefits on the contention that there was no causal connection between Mr. Blades’ accident and his death. We find the facts and evidence of causality in this case make the appellant’s refusal to pay death benefits arbitrary and capricious.
The purpose of the penalty provision of the workmen’s compensation statute is to discourage an attitude of indifference to the injured employee’s condition. Antilley v. Sentry Ins. Co., 426 So.2d 1370 (La.App. 3rd Cir.1983). Therefore, we find the record supports an award of reasonable attorney’s fees in the sum of $5,000.00. Penalties are granted at 12% on all past due benefits plus legal interest from the day each unpaid benefit was due.
For the foregoing reasons, the judgment of the trial court is amended to include $5,000 in attorney’s fees and penalties in accordance with law, and to provide for legal interest from date of judicial demand on penalties and attorney’s fees, and is affirmed as amended. The defendant-appellant is assessed with all costs of the trial court and for all costs of this appeal.
AMENDED AND AFFIRMED AS AMENDED.

. Plaintiff, Rebecca Blades, a major dependent child, filed a petition of intervention. Thereafter she entered into a "Compromise Agreement” with her mother, Mrs. Blades. Rebecca then filed a petition asking the trial court to withdraw and dismiss her petition of intervention, which the trial court granted by an order signed on June 27, 1979. The trial on the merits was held on February 25, 1982. Rebecca answered the appeal as an intervenor asking for an award of penalties and attorney’s fees. The record is clear that the intervention proceedings were withdrawn and dismissed long before the trial. Therefore, her status as intervenor was terminated and she is without standing to answer this appeal.