DOUCET, Judge.
This is an appeal from a judgment finding Stephanie Neighbors permanently partially disabled and awarding worker’s compensation benefits.
In 1979, Stephanie Novick Neighbors began a four-year apprenticeship program with the Local 406 of the Operating Engineers Union. The program, which teaches apprentices to operate heavy machinery, consists of one night a week of class and two weeks of intensive training every six months, as well as on the job training. In October 1981, Ms. Neighbors was employed by Augenstein Construction Company as a mechanic’s helper. This employment also formed part of her on the job training for the apprenticeship program. While on the job, Ms. Neighbors was injured when some heavy cable struck her right hand and foot. She was immediately sent to Dr. Allen Ric-hert. X-rays of her hand and foot revealed no fractures. Two days later, Ms. Neighbors returned to Dr. Richert, reporting discomfort which prevented her from wearing her work boots. Dr. Richert told her that her foot was bruised and would be sore for a long time.
Ms. Neighbors did not miss any time from her work with Augenstein Construction as a result of the injury. She was finally laid off of the Augenstein job in November 1981. She worked for J.A. Jones in March and April 1982 until laid off. She worked for Thacker Construction for two weeks in September 1982. Ms. Neighbors testified that she suffered intermittent pain in her right foot from the time of the accident. By February 1983, the pain had become so intense and debilitating, that she sought medical treatment from Dr. William G. Akins, M.D. Dr. Akins testified Ms. Neighbors complained of the pain in her right foot as irritating and a nuisance, but not as disabling. Dr. Akins, after examining and X-raying the foot, diagnosed the problem as a fracture of the fibular sesamoid of the right foot. He assessed a permanent partial anatomical disability of 5% to the foot. He testified that the condition of Ms. Neighbors’ foot would degenerate unless corrected by surgical removal of the bone.
In June 1983, when Ms. Neighbors took the test to graduate from the operating engineers apprenticeship program, her instructor noticed her limp and allowed her to take the test in tennis shoes because of her inability to wear the work boots normally required. He observed that she had difficulty managing the brakes on the equipment.
On October 5, 1983, Ms. Neighbors filed a suit for workmen’s compensation benefits against Commercial Union Insurance Company, the insurer of Augenstein Construction Company. After trial, the matter was taken under advisement. The defendant filed an exception of prescription. The court rendered judgment denying the exception of prescription and finding the plaintiff permanently partially disabled as a result of her injuries, assessing benefits as well as penalties and attorney’s fees for arbitrary failure to pay benefits. Defendant appeals.
The defendant argues that prescription had run against Ms. Neighbors’ claim and that the judge incorrectly applied La.R.S. 23:1209 which outlines the prescriptive periods applicable to worker’s compensation claims as follows:
“In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless *236 within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 28:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
The trial judge found that the injury, while undisputedly resulting from being hit on the foot by the cable, did not manifest itself until just before her visit to Dr. Akins. Therefore, he applied La.R.S. 23:1221(3) and found that prescription had not run on Ms. Neighbors’ claim for worker’s compensation benefits. We agree. The situation here is analagous to that in Hebert v. Hartford Accident & Indemnity Co., 331 So.2d 222 (La.App. 3rd Cir.1976), writ denied 334 So.2d 229 (La.1976). In that case, an injured workman was released to work after treatment. Although he had residual symptoms, he continued working until his disability fully manifested itself and corrective surgery became necessary. The court held that prescription began to run from the time the disability manifested itself fully. See also: Bolden v. Georgia Casualty & Surety Co., 363 So.2d 419 (La.1978); and Roberts v. Sonic Drive In of Marksville, 441 So.2d 24 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 121 (La.1984). Accordingly, prescription began to run on Ms. Neighbors’ claim as set out in La.R.S. 23:1209.
The defendant further contends that the plaintiff did not carry her burden of proving permanent disability by a preponderance of the evidence.
Ms. Neighbors’ own testimony and that of Dr. Akins establish that Ms. Neighbors suffered substantial pain in her foot. Her testimony and that of Bobby Rider establish that an operating engineer on a construction site must use both feet in operating heavy equipment, walk, climb in order to maintain the equipment, and carry substantial loads. Even as a mechanic’s helper on a construction site, substantial walking and carrying is involved.
Where, as in Ms. Neighbors’ case, a worker cannot perform the same work she did before because it causes her substantial pain, but is mentally and physically able to perform other jobs which are available, she should be considered partially disabled. Dauzat v. Gregory & Cook, Inc., 454 So.2d 807 (La.1984). Therefore, Ms. Neighbors was correctly classified as permanently partially disabled under the provisions of La.R.S. 23:1221(3).
Finally, the defendant contends that the trial court erred in assessing penalties from November 18, 1983 and attorney’s fees against the defendant under La.R.S. 23:1201.2. We agree with the trial court that the defendants were arbitrary, capricious and unreasonable in denying payment in light of the report of Dr. Akins, delivered to defendant in November 1983, which clearly connects the disability with the original injury.
For the above reasons, we affirm the judgment of the trial court.
AFFIRMED.