KNOLL, Judge.
In this worker’s compensation case, Hartford Accident & Indemnity Insurance Company (Hartford) appeals the trial court’s finding that Alfred T. Luneau (Lu-neau) suffered a work-related accident. Hartford contends that the trial court committed manifest error in finding a causal connection between Luneau’s heart condition and the work place. We affirm, finding that the record supports the trial court’s factual determinations that established causation, therefore, the trial court did not commit manifest error.
FACTS
Luneau, 59 years of age, was self-employed as owner and chief executive officer of Luneau’s Mobile Homes located in Jena and in several other cities. On June 27, 1983, Luneau was on the telephone with a manufacturer discussing his (Luneau’s) dissatisfaction with customer service that the manufacturer was responsible for when Luneau became very upset. He began experiencing severe chest pain and was rushed to LaSalle General Hospital where he was treated by Dr. Riaz Chaudry. After a week of hospitalization, Luneau was discharged but was subsequently readmitted due to recurring chest pain.
In July of 1983, Luneau was transferred to St. Frances Cabrini Hospital in Alexandria where he was treated by Dr. Brian Cole, a cardiologist. After an angiogram and other tests Luneau underwent a triple by-pass operation performed by Dr. Smith and Dr. Knoepp. Following the by-pass *859 surgery, Luneau remained hospitalized for approximately twelve days and was then discharged, however, he continued to experience chest pain and underwent a second coronary artery by-pass operation in December of 1983.
Luneau has a history of chest pain that began in 1980. He went to Houston for treatment and after a cardiac catheterization, he was told that he had one artery that was 40% blocked. Luneau stated that he experienced chest pain and shortness of breath in talking to customers, trying to arrange financing for them, arguing with manufacturers, and “things of that nature.” Dr. Cole opined that Luneau’s work aggravated his heart condition because Lu-neau was a very high driving, anxious type person who tends to get chest pain in situations when he is under a lot of mental stress. Dr. Cole also opined that the stress Luneau was under on June 27, 1983, could have precipitated the severe chest pain he experienced.
Hartford denied Luneau’s claims for worker’s compensation benefits, therefore, Luneau filed suit for total and permanent benefits, penalties and attorney’s fees. The trial court found Luneau was totally and permanently disabled and awarded him: (1) worker’s compensation benefits of $234 per week for 65 weeks and 2 days as of the date of trial and weekly thereafter; (2) 12% interest on each compensation payment in the amount of $234 per week owed for 65 weeks and 2 days from date of judicial demand until paid; and (3) all medical expenses incurred through September 26, 1984, plus future medical expenses accrued in accordance with the Louisiana Worker’s Compensation Act. The trial court denied Luneau’s claim for penalties and attorney’s fees, and cast Hartford with all court costs.
CAUSATION
As in all civil actions, the plaintiff in a worker’s compensation case must establish causation by a preponderance of the evidence. Boren v. Louisiana Pacific Corporation, 486 So.2d 1190 (La.App. 3rd Cir. 1986); Prim v. City of Shreveport, 297 So.2d 421 (La.1974). This burden is met when the evidence, taken as a whole, shows that a causal connection between the employment activity and the injury or illness is more probable than not. Boren, supra.
It is well settled that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Hence, it is of no significance that the heart accident could have occurred at another time and place if, in fact, the accidental injury occurred on the job. Further, it is not necessary that the accident resulting in disability or death be caused by extraordinary activities of the employee, or that said activities be the exclusive cause of the accidental injury. Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975). A worker’s pre-existing condition does not bar his recovery. Blades v. Davis, 446 So.2d 958 (La.App. 3rd Cir.1984).
The employee must establish by a preponderance of the evidence that the effort, stress or strain of work in all reasonable probability contributed in some degree to the heart accident. Roberts v. Sonic Drive In of Marksville, 441 So.2d 24 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 121 (La.1984). If the worker’s activities entail exertion, stress or strain greater than that experienced in a non-work situation and he experiences a heart attack, he has made a prima facie showing that the accident arose out of, or was connected with employment. Roberts, supra; Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982).
Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the trial court, based on all the credible evidence. Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982). On appellate review this factual finding should not be dis *860 turbed when there is evidence before the court which, upon its evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings unless those findings are clearly wrong. The trial court’s findings on the question of causation must be given great weight. Boren, supra.
In the present case, Luneau was on the telephone discussing customer service with a manufacturer when he experienced severe chest pain. During this telephone conversation, he became very upset with the manufacturer. His testimony is corroborated by his wife who stated that Lu-neau was conducting business on the .telephone as usual when he began experiencing severe chest pain.
Hartford contends the trial court committed manifest error by affording greater weight to the testimony of the Lu-neaus than the testimony of Dr. Cole, the only expert witness, who was unequivocal in finding that there was no relationship between the work place and the chest pain suffered by Luneau. We disagree with Hartford’s interpretation of Dr. Cole’s opinion. To the contrary, we find Dr. Cole’s testimony very favorable to Luneau. Dr. Cole stated in his letter of August 13,1984, that Luneau “just cannot handle the stress factors associated with business activities without producing angina discomfort.” Dr. Cole further stated that stress is a significant threat to Luneau’s longevity and that it would certainly be possible for Luneau to precipitate a myocardial infarction in the pursuit of his gainful employment when he must deal with stress factors, such as contract details, that can produce angina.
After a careful review of the record, we find that Luneau established by a preponderance of the evidence that the effort, stress or strain of work in all reasonable probability contributed in some degree to his heart accident. Therefore, we cannot say that the trial court manifestly erred in finding that Luneau’s employment was causally related to his heart accident.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the appellant, Hartford Accident & Indemnity Insurance Company.
AFFIRMED.